THOMAS HEADY, PLAINTIFF IN ERROR, v. SARAH ANN FISHBURN, DEFENDANT IN ERROR.

**Practice**: EXCEPTIONS TO CHARGE. To make exceptions to the charge of the court to the jury available to the party excepting, or to the ruling of the court in the refusal to give instructions asked for, the exceptions must be reduced to writing during the same term at which the trial took place.

**New Trial**: NEWLY DISCOVERED EVIDENCE. A new trial in an action for slander will not be awarded on the ground of newly discovered evidence, merely because the defendant makes affidavit that witnesses for plaintiff "would now swear that the slanderous words were spoken a few days after, instead of before, the commencement of the suit," there being no pretense that such witnesses were mistaken as to the fact that the slanderous words were uttered, but simply that they gave the time incorrectly by a very few days.

————: ————. To entitle a party to a new trial on the ground of newly dis-covered evidence, which he could not with reasonable diligence have dis-covered and produced at the trial, it is not sufficient for him to merely say that he was "unable to procure the desired testimony," but the affidavit must show the facts and circumstances sufficient to establish due dili-gence on his part.

THIS action was brought in the district court for Nemaha county, by Sarah Ann Fishburn, to recover damages for slanderous words · alleged to have been spoken of her by Thomas Heady.

The cause was tried to a jury, who returned a verdict in favor of the plaintiff, upon which judgment was duly rendered in her favor. To reverse this judgment Thomas Heady, who was defendant in the court below, brought the cause to this court by a petition in error. Several instructions to the jury were asked for by plaintiff in error and refused by the court, but inasmuch as these instructions were not passed upon by this court, for reasons set forth in the opinion, and the arguments of counsel merely relate thereto, the briefs filed are omitted.

*E. W. Thomas and J. H. Broady* for plaintiff in error.

*W. T. Rogers* for defendant in error.

LAKE, CH. J.

One of the errors assigned in this case is that the facts set forth in the petition do not constitute a cause of action; and another is that the plaintiff in the court below has not the legal capacity to bring the suit.

Neither of these objections were urged in the argument of counsel, and therefore we supposed they were aban-doned. However this may be, an inspection of the record has failed to disclose any ground for either of them. The

words alleged to have been spoken are very clearly action-able; and if there existed any fact which disqualified the defendant in error to bring suit, it is not contained in the record of the case.

Several objections were urged to the refusal of the court to give certain instructions to the jury as requested by counsel for the plaintiff in error, and also to several which were given at the request of the defendant in error; but neither of the questions thus presented can be here con-sidered, for the reason that none of the exceptions to the ruling of the court were reduced to writing at the same term at which the trial took place.

The case was tried and verdict given at the April term, whereupon a motion was filed for a new trial, which was continued and heard at the next October term of the court, at which time the exceptions appear to have been prepared and filed. This delay is not authorized by stat-ute. " *Time may be given to reduce the exception to writing, but not beyond the term.*" *General Statutes*, *section* (301), 577. *Monroe v. Elbert*, 1 *Neb.*, 174.

The only exception which we can consider is that inter-posed to the refusal of the court to award a new trial on the ground of newly discovered evidence.

The affidavits in support of this branch of the motion for a new trial, set forth among other things, that some of the witnesses for the defendant in error have said that they were mistaken in their testimony given on the trial, as to the time of the speaking of the slanderous words by the plaintiff in error, that it was after the action was brought and not before, as they had testified. This cer-tainly furnishes no ground for disturbing the verdict. What is the showing upon which the court was called to act? Not the sworn statement of the witnesses them-selves, as to what they would testify if again placed upon the witness stand, but those of the plaintiff in error, and his son, to the effect that they were informed they would

now swear that the slanderous words were spoken a few days after, instead of before the commencement of the suit. It is not even pretended that these witnesses were mistaken as to the fact that the slanderous words were uttered, but simply that they gave the time incorrectly by a very few days.

I fail to see how this could at all aid the plaintiff in error, for even if the time had been stated erroneously in the petition, the court would have permitted an amendment, if necessary. in order that justice might be done to all parties.

Other testimony alleged to be newly discovered, is that of certain persons residing in Fremont county, Iowa, and in Gage county, Nebraska, whose residence, it is said were unknown to the plaintiff in error until after the trial.

But even if what he says he could prove by these witnesses were regarded as newly discovered evidence, it does not appear that he put forth any effort whatever to learn their whereabouts, or that he could not by the exercise of reasonable diligence on his part, have obtained their testimony in time for the trial.

The code provides that the verdict may be set aside, and a new trial granted on the ground of "*newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial.*" *General Statutes, Section* (307,) 577.

But in order to entitle a party to a new trial for this reason, he must set forth in his affidavit what particular efforts he made, as tending to establish due diligence on his part. It is not enough for him to say that he was unable to procure the testimony, for his ability or inability to obtain it, is a question of fact for the court to determine from the proofs submitted in support of the motion.

I am of opinion that the showing in support of this motion was altogether insufficient to justify a court in

awarding a new trial, and that there is no good reason shown in the record for a reversal of the judgment.

JUDGMENT AFFIRMED.

MR. JUSTICE MAXWELL concurs.