JOSEPH B. LOWRIE AND OTHERS, PLAINTIFFS IN ERROR, V. GEORGE B. FRANCE, DEFENDANT IN ERROR.

1. **Practice**: ERROR: EXCEPTIONS. When errors of law and irregularities occurring at the trial are the grounds on which a new trial is moved, in order to entitle a party to a review of the decision of the court on the motion an exception is necessary.

2. ———: ERRORS MUST BE SPECIFICALLY POINTED OUT. In proceedings in error, if the petition below set forth a good cause of action, in a matter within the jurisdiction of the court, in order to obtain a review of the judgment, the particular ground upon which it is claimed to be erroneous must be specifically pointed out; otherwise it will be presumed that the judgment is right.

3. ———: SPECIAL FINDING: WAIVER OF. Where the court is requested under the statute to state its findings of fact and of law separately, and omits to do so, if no exception be taken, this will be considered as a waiver of the demand, and an acquiescence in a general finding upon the issues.

ERROR to the district court for Seward county. Tried below before POST, J.

*N. S. Scott*, for plaintiff in error.

*George B. France*, pro se.

LAKE, J.

This was an action by the defendant in error to foreclose a mortgage executed by the plaintiffs in error to Henry Wortendyke as security for the payment of a promissory note, payable to the order of said Wortendyke, and by him assigned to the defendant. The answer set up the defense of a usurious consideration, which was known to the defendant when he received the note. All of the allegations respecting the usury were put in the issue by the reply.

On the trial the plaintiffs in error, with a view of excepting to the decisions of questions of law, requested the court to state its conclusions of fact and law separately, as is provided in section 297 of the code of civil procedure. This, however, the court did not do, but found generally for the defendant in error, and thereupon decreed a sale of the mortgaged premises to pay the amount found to be due. To this decree there was simply a general exception.

The next step in the case was a motion for a new trial on the grounds:

*First.* That the decision of the court is not sustained by sufficient evidence, and is contrary to law.

*Second.* Errors of law occurring at the trial and excepted to by the defendants at the time.

*Third.* Irregularities in the proceedings of the court by which said defendants were prevented from having a fair trial.

On the hearing of this motion a conditional order was entered " that the same be sustained unless the said plaintiff, George B. France, remit the sum of $96." The remitment was accordingly made, and thereupon the motion for a new trial was overruled. To this order no exception was taken, so that we must presume that the parties were then satisfied with the result.

The case, however, is brought to this court for review, and several errors are assigned, the first of which is, that: " The court erred in rendering judgment for the plaintiff in the said action." As an assignment of error this is altogether too general to be regarded. No reason is given for the supposition that the court erred in giving this judgment. It is not denied that the petition sets forth a good cause of action, nor that the evidence was ample to sustain it. When this is the case, in a matter within the jurisdiction of the court, the particular ground on which it is claimed that the judg-

Lowrie v. France.

ment is erroneous must be specifically pointed out, or it will be presumed to be right.

The second error assigned is, that "the judgment is too large." By this we suppose is intended that it is for more than was really due on the note. But even if this be the fact there is nothing in the record from which it can be known. The judgment is within the amount claimed by the petition, and the evidence not having been preserved we must presume it to have been ample to justify the court in its findings.

The third error complained of is the failure of the court "to find specifically upon the matters in issue as requested by the defendants." There can be no doubt that the case was one in which the court might be required, if requested, to state its findings of fact and law separately, and the refusal or failure to do so, if properly availed of, would be good cause for reversal. In this case, however, the record shows no exception on this ground at the rendition of the judgment, nor is the failure to comply with this request even suggested in the motion for a new trial. This must be considered as a waiver of the demand, and an acquiescence in a general finding.

Several other errors are assigned, but they are such as necessarily depend upon the testimony produced on the trial, and there being no bill of exceptions, nor agreed statement of what the evidence was, they are not in a situation to be considered.

JUDGMENT AFFIRMED.