Tomer v. Densmore.

A. C. TOMER, PLAINTIFF IN ERROR, v. HARVEY B. DENSMORE, DEFENDANT IN ERROR.

1. **Motion for new Trial.** An assignment of error in a motion for a new trial, in these words: "Irregularity in the proceedings of the court," is too indefinite to be of any avail. *Lowrie v. France*, 7 Neb., 192, adhered to.

2. **Practice:** EXCEPTIONS. Objections and exceptions should present distinctly and specifically the ruling objected to.

3. ———: MOTION FOR A NEW TRIAL. A motion for a new trial is not a matter of form merely, but is designed as a means of correcting errors; and vague, indefinite, or general objections will not, as a rule, be considered. But where the errors complained of are apparent from the record, and it is clear that the attention of the trial court was challenged by the motion to them under general assignments, they will be considered.

4. ———: DISCRETION OF COURT: EVIDENCE. It is not an abuse of discretion for the trial court to permit the parties, in furtherance of justice, to offer additional evidence in support of the cause of action or defense, after a case has been submitted to the jury, provided the party offering such evidence does not thereby obtain an undue advantage.

5. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. It is not sufficient to allege in an affidavit for a new trial, on the ground of newly-discovered evidence, that the party could not, with reasonable diligence, procure such testimony before the trial. The affidavit must state what particular efforts the party has made to procure such testimony. *Heady v. Fishburn*, 3 Neb., 266, adhered to.

6. ———: ———: CONVERSION OF GOODS. Where, on the trial of a cause for the conversion of goods, the plaintiff failed to prove the value of the same until the case had been submitted to the jury, the court restricted the defendant to testimony as to the value of the goods, and thereby prevented him from introducing testimony to prove that the plaintiff was not the owner of the same—*Held*, that this was such surprise as warranted the court in granting a new trial.

7. **Opinion of juror.** Where a juror informed one of the parties to a suit, before the case was submitted to the jury, that he had formed and expressed an opinion as to the merits of the case, and the party failed to call the attention of the court to

the matter, or challenge the juror—*Held*, after verdict, the party could not object to the juror on the ground that he had formed and expressed an opinion.

ERROR from Stanton county district court, the facts appearing in the opinion.

*E. P. Weatherby* and *W. M. Robertson*, for plaintiff in error.

It is a good cause for granting a new trial that the party has been surprised by evidence. *Sandford Manuf. Co. v. Higgins*, 14 N. H., 441.

When a party or his counsel is taken by surprise on a material point or circumstance which could not have been anticipated, and when want of skill, care, or attention cannot be justly imputed, and injustice has been done, a new trial should be granted. *Door v. Watson*, 28 Miss., 383. *Patterson v. Ely*, 19 Cal., 28. Motions for a new trial on the ground of surprise are addressed to the sound discretion of the court, but when the court refuses the new trial in a case in which surprise is clearly shown, resulting from no fault of the appellant, and he has been injured thereby, the supreme court will reverse the judgment below. *Todd v. State*, 25 Ind., 212. *Clark v. Diggs*, 6 Iredell (N. C.), 159. Where, after the close of the plaintiff's evidence, the defendant asked, and the court gave, an instruction to the jury which dispensed with evidence on his part, and after plaintiff closed his argument the court gave a different instruction, it was held that the defendant should have been permitted to introduce his evidence, and when he did not that it was error not to grant a new trial. *Moreland v. McDermott*, 10 Mo., 605. If by any reasonable cause a party has been unable to present the merits of his case to the jury, a new trial should be granted to him. *Jones v. Freeman*, 1 G. Greene, 134.

*Crawford & McLaughlin,* for defendant in error.

MAXWELL, CH. J.

In October, 1877, the defendant in error commenced an action in the district court of Stanton county against the plaintiff herein, to recover damages for the wrongful conversion of certain goods alleged to have been owned by the defendant in error. The plaintiff in error answered the petition of the defendant in error denying that he (the defendant in error) was the owner of said goods; and alleging that said goods came into his possession as assignee in bankruptcy, in the matter of Densmore & Hepper, bankrupts.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $1375.81, upon which judgment was rendered. The plaintiff in error filed a motion for a new trial, assigning as grounds therefor:

1st. Irregularity in the proceedings of the court.

2d. Irregularity in the proceedings of the jury.

3d. Abuse of discretion by the court in allowing the plaintiff to prove the value of the goods in controversy, or the damages sustained, after the evidence of both parties had been given to the jury, and the argument for the defense closed.

4th. Misconduct of the jury.

5th. Misconduct of the prevailing party.

6th. Excessive damages appearing to have been given, under the influence of passion or prejudice.

7th. That the verdict is not sustained by sufficient evidence.

8th. That the verdict is contrary to law.

9th. On account of newly discovered evidence material to the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial.

10th.  On account of accident occurring at the trial of the cause, which ordinary prudence could not have guarded against.

11th.  On account of surprise, which ordinary prudence could not have guarded against.

12th.  On account of the incompetency of one of the jurors who tried the case.

13th.  On account of error of law occurring at the trial, and excepted to by the defendant.

Attached to the motion is the affidavit of the plaintiff in error, that one of the jurors informed him during the progress of the trial that he (the juror) had formed and expressed an opinion in the case, and was not a competent juror.  Also that he was taken by surprise by the court re-opening the case, and permiting the defendant in error to prove the value of the goods.  Also, the affidavit of E. P. Weatherby, one of the attorneys for plaintiff in error, stating in substance that the defendant in error failed to prove the value of the goods claimed to be converted by the plaintiff in error until after the conclusion of the arguments to the jury, and that in consequence of such omission, which would be fatal to the defendant's case, he had failed to introduce testimony showing that the defendant in error was not the owner of the goods in question, and that the court, in granting the defendant in error leave to prove the value of the goods, restricted the plaintiff in error to testimony in regard to the value, and would not permit him to show that the defendant in error was not the owner of the goods, These affidavits are not denied.

The alleged errors will be taken up in the order of their assignment.

The first error assigned—"Irregularity in the proceedings of the court"—is too general to be of any avail.  The motion should point out the irregularity

complained of so as to challenge the attention of the judge before whom the case was tried to the act or acts complained of. *McCartney v. M. P. R. R.*, 1 Neb., 404. *Wells, Fargo & Co. v. Preston*, 3 Neb., 447. *Cropsey v. Wiggenhorn*, 3 Neb., 177. *Creighton v. Newton*, 5 Neb., 100. *Gibson v. Arnold*, 5 Neb., 186. *Hosford v. Stone*, 6 Neb., 378. *Fox v. Meacham*, 6 Neb., 530. *Brunswick v. McClay*, 7 Neb., 137. *Lowrie v. France*, 7 Neb., 192.

In *Lowrie v. France, supra*, the assignment was as follows: "Irregularities in the proceedings of the court by which defendants were prevented from having a fair trial." It was held that this assignment was too indefinite to be of any avail, and the reason is that exceptions and objections should present distinctly and specifically the ruling objected to, and not be a mere drag net to enable counsel on a subsequent critical examination to raise points under the objections, which were not thought of or suggested at the time the motion for new trial was heard and determined. A motion for new trial is not a matter of form merely, but is designed as a means of correcting errors which the ablest judge may commit in the hurry of a trial. Proceedings in error are designed to review only particular points of law specially pointed out in the record, and vague, indefinite, or general exceptions will not, as a rule, be considered. Where, however, the errors complained of are apparent from the record, and it is clear that the attention of the trial court was challenged by the motion to the objections complained of, under general assignments of error, they will be considered by this court; but as no error is apparent under this assignment it must be disregarded.

And the same is true of the second assignment. There was no abuse of discretion in receiving evidence as to the value of the goods after the case had been given to the jury. The court, in furtherance of justice,

may permit such evidence to be given. Care, however, should be exercised by the court in the admission of such evidence, to see that the rights of the parties are protected. No error appears therefore in the third assignment.

The fourth and fifth assignments may be considered together and are open to the same objections as the first and second.

The sixth assignment is not sustained by the record, and the same may be said of the seventh and eighth.

As to the ninth assignment, the affidavit as to newly discovered evidence is entirely insufficient even if the evidence is admissible. It nowhere appears what efforts the plaintiff used prior to the trial to discover this testimony. The rule as to what an affidavit asking for a new trial, on the ground of newly discovered evidence, must contain, is laid down in the case of *Heady v. Fishburn*, 3 Neb., 266, to which we adhere. It is not enough for a party to state in his affidavit that he could not with reasonable diligence procure the testimony; that is a conclusion; he must state what particular efforts he has made to discover the testimony.

The tenth assignment is too general in its terms to be considered, there being nothing in the record to indicate the nature of the accident.

The eleventh assignment is sustained by affidavits showing the nature of the surprise, that it consisted in permitting the defendant in error, after the argument of the case to the jury, to prove the value of the property taken; and confined the plaintiff's proof to a rebuttal of the testimony as to value, the plaintiff in error having witnesses present to prove that the defendant in error was not the owner of the goods. This was material testimony, which should have been submitted to the jury. Until the defendant in error had proved the value of the goods, or their

value had been established in some manner, he could not recover, and the plaintiff in error had a right to rely upon such failure to prove value as a defense. The court has authority in furtherance of justice, even after a case is submitted to the jury, to permit the parties to offer additional testimony in support of the cause of action or defense. But it is the duty of the court in admitting such testimony to see that the party offering it does not thereby obtain an undue advantage. Otherwise, testimony might be wilfully withheld by a party until the case was submitted to the jury, with the view of excluding proper testimony on the other side. As the affidavits are not denied, the facts stated therein must be taken as true, and are sufficient to cause a a reversal of the case.

As to twelfth assignment of error the affidavit states: "That one of the jurors who tried the case, came to this affiant on the morning of the first day of May, just before the cause had been finally submitted to the jury, and informed this affiant that when he was called upon the jury he did not know who Harvey B. Densmore was, and that he supposed he was a competent juror, but that when he found out who Harvey B. Densmore was he then found that he knew all about the case, and that he had formed and expressed his opinion freely before the trial as to the merits of the case, and that he was incompetent to sit as a juror in the cause."

This is not sufficient. The plaintiff, upon being informed by the juror that he had formed and expressed an opinion in regard to the case, should have called the attention of the court to the fact, and objected to the juror sitting in the case. He could not wait until after verdict, and take the chance of a finding in his favor before calling the attention of the court to the incompetency of the juror. *Palmer v. The People*, 4

Tomer v. Densmore.

Neb., 75. The facts stated in the affidavit in relation to the incompetency of the juror are clearly insufficient to authorize a new trial.

The thirteenth assignment is general in its terms, and as we find nothing in the record supporting the assignment, it must be disregarded. On the ground of surprise alone the judgment of the district court is reversed, and the cause remanded for a new trial.

JUDGMENT ACCORDINGLY.

The defendant in error asks leave to file a motion for a rehearing upon certain grounds, but one of which we deem necessary to notice, viz.: That the motion for a new trial does not point out specifically in what the surprise consisted. It does appear from the affidavits attached to the motion, and in support of it, that the surprise consisted in refusing to permit the plaintiff in error to prove that the defendant in error did not own the goods in controversy, but confined the proof to the value of the goods.

It is clear that injustice was done by this ruling of the court. The testimony should have been received and submitted to the jury. We see no cause for reversing our former decision. The application for leave to file a motion for a rehearing is therefore denied.