GEORGE GORACKE, PLAINTIFF IN ERROR, v. JOSEPHINE
HINTZ, DEFENDANT IN ERROR.

1. **Action for Assault and Battery:** DAMAGES. In an action
   for assault and battery, the plaintiff, a married woman, having,
   while testifying in her own behalf, stated that at the time of the
   battery she was *enciente*, and that the battery caused her to mis-
   carry, upon her cross-examination she was asked by defendant's
   counsel whether her husband was not in the habit of beating her?
   To which question the plaintiff by her counsel objected; which
   objection was sustained by the court. *Held*, No error.

2. ———: ———. A verdict of two hundred and fifty dollars for assaulting and beating an *enciente* woman so as to produce a miscarriage, *Held*, Not excessive.

3. **New Trial.** On the trial an important witness for the defendant who had been subpœnaed, upon being called did not answer, and was reported to be sick, whereupon the defendant proceeded with his defense without applying to ;the court for either a continuance or a delay of the trial. *Held*, No ground for a new trial.

4. ———. A new trial will not be granted on the ground of newly discovered evidence, when such evidence, if produced, could have no greater effect than to discredit a party as a witness in his own behalf.

5. ———: AFFIDAVIT. It is not sufficient to allege in an affidavit for a new trial on the ground of newly discovered evidence, that the party could not, with reasonable diligence, procure such testimony before the trial. The affidavit must state what particular effort the party has made to procure such testimony. *Heady v. Fishburn*, 3 Neb., 263; *Axtell v. Warden*, 7 Id., 186; and *Tomer v. Densmore*, 8 Id.; 384, adhered to.

Error to the district court for Johnson county. Tried below before WEAVER, J.

*Osgood & Harris* and *C. Gillespie*, for plaintiff in error.

Damages excessive. *Yates v. Joyce*, 11 Johns., 136. *Rockwood v. Allen*, 7 Mass., 256. *Bussy v. Donaldson*, 4 Dall., 206. *Allison v. McCune*, 15 Ohio, 726. *Froy v. Parker*, 53 N. H., 342. Punitive damages not recoverable. *Boyer v. Barr*, 8 Neb., 68. *Roose v. Perkins*, 9 Id., 304. *Riewe v. McCormick*, 11 Id., 264. Petition for new trial on ground of additional evidence should have been granted. Reasonable diligence is all that is required. *Jones v. Singleton*, 45 Cal., 94. *Brown v. Lahers*, 79 Ill., 575.

*Selby & Irwin*, for defendant in error, on newly discovered evidence, cited cases mentioned in opinion, and *Bowen v. Rutherford*, 60 Ill., 41. *Loeffner v. The State*,

10 Ohio State, 598. On absence of witness. *Cowen v. Smith*, 35 Ill., 416. Excessive damages. *C. & N. W. R. R. v. Williams*, 55 Ill., 185. *Alcorn v. Mitchell*, 63 Ill., 553. *Blanchard v. Morris*, 15 Ill., 35.

COBB, J.

The petition in error in this cause assigns ten grounds of error, which will be stated and disposed of in their order.

1. The court erred in sustaining the objection to the question asked of the defendant in error, if her husband was not in the habit of beating her; the fact of the beating the plaintiff in error stood ready to prove. The plaintiff below in her petition had alleged as a ground of aggravated damages, that at the time of the assault and beating, for which the action was brought, she was pregnant, and that by reason of such beating, etc., she had suffered a miscarriage. It was probably the design of the testimony sought to be elicited by the question, to show by the witness that the miscarriage was caused in whole or in part by the beating of the plaintiff by her husband, but certainly no answer which could have been made to the question could have had that effect. Whatever may have been the habit of her husband, unless he did in fact beat her, at or shortly before the time of the misfortune, it could not have contributed to that end. Plaintiff in error in his petition says "the fact of the beating he stood ready to prove." From this it would seem that counsel thought that before they would be allowed to prove such beating of the plaintiff by her husband, she must deny it. In. this view they were in error. If such fact existed they could prove it as a ground of defense to the aggravation of injury; not by showing the habit of the husband in this regard, but the fact of such beating at or about the time of the miscarriage.

2. The court erred in excluding from the jury mate-
rial evidence offered by the plaintiff in error, to be proven
by one Wiley Sandusky, of careless, imprudent, and dan-
gerous acts, and habits of the defendant in error, while in
a state of pregnancy. By reference to the testimony, it
appears that the witness, Wiley Sandusky, was sworn on
the part of the defense. After having stated that he was
acquainted with the plaintiff, he was asked the following
questions:

Q. State to the jury if you saw her (the plaintiff) in
the fall of 1881?

A. Yes, I saw her in the fall of 1881.

Q. You may state if there was any occurrence hap-
pened there?

Plaintiff objects as too remote and immaterial. Objec-
tion sustained.

The court was clearly right in sustaining this objection.
Whatever act of carelessness or imprudence the plaintiff
may have committed in the fall of 1881, could have had
no effect on the plaintiff's health in March of that year.

3. The court erred in giving the 2d and 3d paragraphs
of instructions given by the court of its own motion.
The instructions referred to are in the following words:

"2. If you shall find from the evidence that the de-
fendant assaulted and beat the plaintiff, and that she was
injured thereby, she will be entitled to a verdict at your
hands for such damages as may have been shown by the
testimony that she has sustained, not exceeding the $500
claimed in the petition. However, this instruction is
given you subject to the proposition of law, that the de-
fendant in the protection of his person or property, would
be justified in using so much force only as was necessary to
protect his person from injury, or his property from being
carried away. That is, such force as a man of ordinary
prudence would have used under similar circumstances.

"3. If you shall find from the evidence that the de-

fendant, after pushing or knocking the plaintiff on the ground, if you so find, jumped upon her with his knees, and beat her, and thereby injured her and damaged her, you will find for the plaintiff. You are the judges as to what weight you will give to the testimony of each and every witness."

We do not see in what respect these instructions are erroneous, or fail to state the law of the case. Plaintiff in error, in his brief, fails to point out any error in these instructions, unless it be that it is to these that he refers in the 7th point in his brief as "giving prominence to the evidence of the plaintiff to the entire disparagement of the plaintiff in error." We do not consider this charge as giving undue prominence or any prominence to any part of the evidence. The court states the material facts of the plaintiff's case as alleged in her petition, and testified to by her and her sons, a part of which is denied by the defendant and his son, and tells the jury that if they find such facts to be true, that they shall find for the plaintiff. We see no error in this.

4.   *   *   *

"5. That the damages are excessive, appearing to have been given under the influence of passion or prejudice."

The verdict was for two hundred and fifty dollars, for the assaulting and beating of a pregnant woman by a man, to such a degree as not only to produce an abortion, but to permanently disable and destroy the health of the woman. There is nothing in the pleadings or evidence, nor have we been pointed to fact, theory, or hypothesis by which said amount would seem to be excessive compensation for the injury. According to the testimony it is quite too small.

"6. The verdict is not sustained by sufficient evidence."

There certainly is a sharp conflict of testimony. The facts and circumstances of the assault and beating are testified to by the plaintiff and two witnesses, her sons. A different state of facts, less damaging to him, is testified to

by the defendant, and he is corroborated by one witness, his son. The jury, under a proper instruction, find the testimony of the plaintiff and her witnesses to be true. As to the other points, the extent of the injury as subsequently developed and the amount of damages, there is some testimony as to every material point.

7.   *   *   *

" 8.   For accident in this particular that an important witness for the plaintiff in error   *   *   *   having been duly subpœnaed, being called by the plaintiff in error during the progress of the trial, was reported sick, which sickness was unknown and unexpected to this plaintiff in error."

The above presents no sufficient ground for a new trial. It is the duty of a party before entering upon a trial to know that his witnesses are present, and should a witness who is present at the commencement of a trial be taken sick so as to be unable to attend, the trial court will always find means to protect the rights of the party by a continuance or otherwise, upon timely application being made. But here it does not appear that the attention of the court was called to this sick and absent witness until after the party had taken the chance of a verdict. Then it was too late.

" 9.   The verdict is contrary to the 2d, 3d, and 4th instructions given to the jury at the request of the defendant, plaintiff in error."

The instructions here referred to are in the following words:

" 2.   That if they find from the evidence that the plaintiff made the assault, and the defendant used such force only as was necessary to protect himself and his property, they will find for the defendant.

" 3.   The court instructs the jury that unless they find from the evidence the allegations set forth in the plaintiff's petition to be true, they will find for the defendant.

"4. The court instructs the jury that on the assessment of damages in the case, if they find that the plaintiff is entitled to damages, they are confined to such damages as the plaintiff has actually sustained."

In view of the testimony, the verdict is not contrary to these instructions. According to the testimony of the plaintiff and her two sons, which the jury certainly believed, the plaintiff did not make the assault, nor did the defendant use such force only, as was necessary to protect himself or his property. It is equally certain that the jury did find from the evidence the allegations of the plaintiff's petition to be true, and as before stated, it is not apparent that the jury went outside of the actual damages proven in fixing the amount of their verdict.

"10. That there is newly discovered evidence material to this plaintiff in error, as was shown by affidavits of Amanda Rutter and Mary M. Sandusky, and by the affidavits of George Goracke, plaintiff in error, and D. F. Osgood, one of the counsel for the plaintiff in error."

The motion for a new trial was accompanied by the affidavits of the plaintiff in error, of one of his counsel, and of the said Amanda Rutter and Mary M. Sandusky. Mary M. Sandusky states in her affidavit that some time in the winter of 1881 she had a conversation with the plaintiff, in which the plaintiff told her that she had a miscarriage on the road between her home and Tecumseh, and that the said miscarriage took place after the 1st day of February and before the 10th day of March, 1881. Mrs. Amanda Rutter states in her affidavit that the plaintiff told her she had a miscarriage in the spring of 1881, caused by the fright in the trouble with the Gorackes, and the said miscarriage took place at her own house.

Had the testimony of these witnesses been produced at the trial, it could have had no other effect favorable to the plaintiff in error than to impeach the credibility of the plaintiff below. The damage to the plaintiff was neither

Goracke v. Hintz.

more nor less whether the miscarriage occurred at the house of the plaintiff or on the road to Tecumseh, and it is a well settled rule that a new trial will not be granted on account of newly discovered evidence, the only effect of which would be to discredit or impeach a witness on the other side.

Neither the affidavits of the plaintiff in error nor of his counsel purport to state what degree of diligence had been used on the part of the plaintiff in error to procure or learn of this evidence. Plaintiff in error says that he could not with reasonable diligence have ascertained the same in time to present it at the trial. Mr. Osgood, his counsel, states in his affidavit that "the newly discovered evidence * * * was unknown to the attorneys for the defendant, and they used a reasonable amount of diligence previous to the trial of said cause."

In the case of *Heady v. Fishburn*, 3 Neb., 263, this court by the C. J. say: "But in order to entitle a party to a new trial for this reason (newly discovered evidence), he must set forth in his affidavit what particular efforts he made as tending to establish due diligence on his part. It is not enough for him to say that he was unable to procure the testimony, for his ability or inability to obtain it is a question of fact for the court to determine from the proofs submitted in support of the motion." This case has been adhered to in *Axtell v. Warden*, 7 Neb., 186, and *Tomer v. Densmore*, 8 Id., 384, and cannot be departed from now. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.