THE BURLINGTON AND MISSOURI RIVER RAILROAD
COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, V.
THOMAS DOBSON, DEFENDANT IN ERROR.

1.  **New Trial after Judgment:** PETITION: ALLEGATIONS.
    In a petition for a new trial under section 318 of the civil code, on
    the ground of the misconduct of the jury and the successful party,
    where the petition is not filed for more than ten months after
    the return of the verdict and four months after judgment was
    rendered on the verdict, it is not sufficient to allege that the
    plaintiff "could not with reasonable diligence have discovered
    or ascertained the misconduct" sooner. The petition should
    state the facts showing what efforts have been made to discover
    the misconduct, or failing to do so, facts should be stated which
    would excuse the making of such efforts.

2.  **Occupying Claimants.** Whether in case of the assessment
    of the value of improvements under section five of the act of 1883,
    entitled "An act for the relief of occupying claimants," etc., the
    remedy is exclusive and the failure to object to the verdict of
    the appraisers within the time fixed by said section is a waiver
    of the right, *quære*.

ERROR to the district court for Seward county. Tried
below before POST, J., sitting for NORVAL, J.

*Marquett & Deweese* and *R. S. Norval*, for plaintiff in
errror.

*William Leese* and *H. H. Blodgett*, for defendant in
error.

REESE, J.

The original action, out of which the present proceeding
has grown, was commenced by the plaintiff in error against
defendant in error for the possession of real estate of which
defendant in error was then in possession. Such proceed-
ings were had as resulted in a judgment in favor of plain-
tiff in error. The cause was removed to this court for re-
view, and at the January term, 1882, the judgment of the

district court was affirmed.   By some oversight no opinion was filed, and the case is not reported.   After the return of the mandate to the district court, on the twenty-seventh day of April, 1882, defendant in error, under the provisions of the act then in force known as "An act for the relief of occupying claimants of lands," Compiled Statutes, 1881, 365, filed a request that a jury be impaneled for the purpose of assessing and determining the value of the improvements placed upon the land by him.   The order was made and the jury impaneled.   On the seventh day of June, 1883, they returned into court a verdict in favor of defendant in error for the sum of $465.80.   On the eighth day of December, 1883, judgment was rendered on the verdict of the jury in favor of defendant in error for the amount found due him.   On the twenty-second day of March, 1884, plaintiff filed its petition in the district court, alleging substantially the above facts and the further facts that, while the jury were upon the land making the necessary examination, they, without the knowledge or consent of plaintiff in error, were taken by the officers having them in charge and by defendant in error to the house of defendant in error, and while there fed, drank, and lodged by defendant in error in his house and with his family during one night, and that during said time and during the deliberations of the jury the defendant in error conversed with each of the jurors concerning the matters upon which they were to decide, etc.   It is alleged that by reason of this misconduct upon the part of the jury and the defendant in error the finding of the jury was excessive and much above what it ought and otherwise would have been. Also that plaintiff in error was unable to ascertain the facts alleged until a few days before filing the petition, and that it could not with reasonable diligence have ascertained the facts sooner.

The prayer of the petition is that the judgment and verdict be set aside and a new trial granted.

To this petition a general demurrer was interposed by defendant in error, which was sustained by the district court, and plaintiff in error excepting to the decision of the court declined pleading further, and the petition was dismissed. This ruling of the district court is assigned for error in this court.

The question presented by this record is, whether or not the plaintiff in error by its petition has brought itself within any of the provisions of the statute providing for the granting of new trials. To recapitulate the facts stated in the petition, we observe that on the seventh day of June, 1883, the verdict of the appraisers was filed in court; on the eighth of December of the same year, judgment was rendered, and on the twenty-second day of March, 1884, the petition for a new trial, on the ground of the misconduct of the defendant in error and the jury, was filed.

Section 314 of the civil code provides that new trials may be granted by the court in which a trial was had in the following cases: *First.* Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial. *Second.* Misconduct of the jury or prevailing party. *Third.* Accident or surprise which ordinary prudence could not have guarded against. *Fourth.* Excessive damages appearing to have been given under the influence of passion or prejudice. *Fifth.* Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon contract, or for the injury or detention of property. *Sixth.* That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law. *Seventh.* Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. *Eighth.* Error of law occurring at the trial and excepted to by the party making the application.

Section 316 is as follows: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered unless unavoidably prevented.

Section 317 provides that the application must be upon grounds stated in a written motion, and that where the application is made for the causes stated in either subdivisions two, three, or seven of section 314 it must be sustained by affidavits showing their truth.

Section 318 provides that, "Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases; on which a summons shall issue, be returnable and served or publication made as prescribed in section seventy-nine. The facts stated in the petition shall be taken as denied without answer, and if the service shall be complete in vacation the cause shall be heard and summarily decided at the ensuing term    *    *    *"

It is quite apparent that if plaintiff in error has brought its case under any of the provisions of the sections above quoted it is section 318. It is perhaps true that this section is not limited to newly discovered evidence, as is claimed by defendant in error, but we think it is unquestionably true that the same showing of diligence is required when the grounds upon which the new trial is asked are other than newly discovered evidence as would be in that case. And we think the bare allegation, as in the petition in this case, that the plaintiff in error "could not with reasonable diligence have discovered or ascertained the said misconduct" is not sufficient. "He should negative every cir-

cumstance from which negligence could be inferred." *Axtell v. Warden*, 7 Neb., 189. The allegation above quoted is a conclusion rather than the statement of the facts by which that conclusion could be reached. *Tomer v. Densmore*, 8 Neb., 389. " The party must state in his petition facts which, if admitted to be 'true, constitute sufficient grounds to grant a new trial." Id. No reason is shown why the alleged facts might not have been discovered between the 7th day of June, 1883, the date of the rendition of the verdict, and the 8th day of December of the same year, the date of the judgment, nor at an earlier day than the 22d day of March, 1884, the date of the filing of the petition. For aught that appears in the petition, and the fact undoubtedly was, that the discovery might, with diligence, have been made immediately upon the return of the verdict. It may be suggested that the demurrer of defendant in error admitted the allegation as made, and that for the purposes of the decision on the demurrer that was sufficient. To this it could be replied that the demurrer only admits what is well pleaded and the petition receives no aid from the technical admission. Id., 190.

It is claimed by defendant in error that the remedy presented by section five of the act of 1883 entitled " An act for the relief of occupying claimants," etc., Laws 1883, 252 (Comp. Stat., Second Edition, Chap. 63), is exclusive, and that the plaintiff in error having failed to avail itself of the remedy provided by that section has thereby waived the right sought to be enforced by this proceeding. This section provides that " if either party shall think himself aggrieved by the appraisement he may file objections thereto at the term to which the same is returned, if returned in term time ten days before the term adjourns, and if such report is made in vacation, or if made in term time, less than ten days before the term adjourns, then such objection may be filed on or before the second day of the term next ensuing." This act was in force at

the time of the appraisement, and by its terms (section 11) it applies to all suits pending at the time it took effect. If the position of defendant in error in this is correct, the extreme limit of time in which to make the application was the second day of the December, 1883, term of the district court. But as it is clear that the demurrer was properly sustained upon any view of the case, it is not necessary to decide this question.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.