RALPH DAWSON, PLAINTIFF IN ERROR, V. WILLIAM J. DAWSON AND GEORGE T. DAWSON, DEFENDANTS IN ERROR.

**Forcible Entry and Detention.** In an action of forcible entry and detention, where the testimony shows that the defendant is in possession under a contract for title, the action should be dismissed. *Pettit v. Black*, 13 Neb., 154. *Streeter v. Rolph*, 13 Id., 390. *C. B. & Q. R. R. v. Skupa*, 16 Id., 341.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*T. Appelget & Son*, for plaintiff in error.

*S. P. Davidson*, for defendants in error.

MAXWELL, J.

This is an action of forcible entry and detention, brought in the county court of Johnson county by the plaintiff against the defendants to recover the possession of the S. W. ¼ of Sec. 25, T. 5 N., R. 9 E. The defendants answered that they were in possession of the premises under a contract with one Eleanor J. Dawson, made in 1878, for a conveyance to them of said premises when they came of age. The cause was tried to a jury in the county court, and verdict and judgment in favor of the plaintiff. The case was taken on error to the district court, where the judgment of the county court was reversed and the cause dismissed.

The testimony tends to show that in 1878 one Eleanor J. Dawson, the half-sister of the defendants, was the owner of the land. The defendants were minors at that time and appear to have resided in the state of New York. At the time above referred to, she promised the defendants that if they would go upon the land in question and cultivate and

improve it, that when they became of age she would convey the same to them.

The testimony also shows that in pursuance of the promise the defendants took possession of the land and cultivated a portion of it, set out trees, and made certain improvements thereon. The plaintiff purchased with full knowledge of the defendants' rights.

Upon this evidence it is very clear that an action of forcible entry and detention will not lie. To maintain that action the contest is limited to the naked right of possession of the premises. If the testimony shows that the defendant has an equitable interest in the premises, one that can be protected only by a court of equity, the action will not lie. *Pettit v. Black,* 13 Neb., 154, 155. *Streeter v. Rolph,* 13 Id., 390. *C. B. & Q. R. R. Co. v. Skupa,* 16 Id., 341. Whether the contract under which the defendants hold possession is valid or not cannot be determined by the county court or a justice of the peace, but is a proper question for a court of equity, which has power to protect the rights of the parties and enforce its decrees when an action is brought to enforce or annul the alleged contract.

The county court, therefore, after hearing the evidence, should have dismissed the action, and as it failed to do so, the district court properly reversed the judgment and dismissed the proceedings. The judgment must be affirmed.

JUDGMENT AFFIRMED,

THE other judges concur.