THOMAS GROHOUSKY, PLAINTIFF IN ERROR, v. DANIEL
LONG, DEFENDANT IN ERROR.

**Forcible Entry and Detention.** Where the question presented
by the pleadings and proof is the particular interests of the
parties in the real estate in controversy, and not the mere right
of possession, the action of forcible entry and detainer will not
lie.

ERROR to the district court for Cuming county.    Tried
below before CRAWFORD, J.

*Uriah Bruner,* for plaintiff in error.

*M. McLaughlin,* for defendant in error.

MAXWELL, CH. J.

In February, 1885, the plaintiff filed his petition in the
county court of Cnming county, in which he alleges, "that
he is the owner in fee simple of the S.E. ¼ Sec. 16, Town.
23, Range 6; that he had the right of possession of said
premises ever since October 27, 1884; that said Daniel
Long, defendant, about October 27, 1884, unlawfully and
forcibly entered into possession of said premises, and has
ever since and does still unlawfully and forcibly detain the
same from the said plaintiff; that said plaintiff, on January
28, 1885, served upon said defendant, as required by law,
a notice in writing requesting said defendant to leave said
premises; that said defendant is a settler or occupier as
aforesaid on said lands and tenements without any color of
title; and said plaintiff demands restitution."

On February 24, 1885, said defendant filed his answer,
setting up his defenses as follows:

"1. He denies each and every allegation of the plaintiff's
petition.

"2. Alleges that on May —, 1881, said lands were school lands, at which time said defendant leased the same from the state and went into possession and made improvements thereon of the alleged value of $1,500, and has ever since lived thereon and had exclusive and uninterrupted possession thereof with knowledge of said plaintiff.

"3. That on October —, 1881, said defendant gave his note, signed by one Fred Koch as surety, to one T. M. Franse for $222, payable in one year with 8 per cent interest; that shortly after the note became due, said defendant not being able to pay same, it was put into judgment against said defendant and said Koch; and said Koch urged said defendant to pay the same or indemnify him against damage or loss, and being advised thereto by said T. M. Franse, his attorney therein, on about May —, 1884, assigned and surrendered said lease to said Koch as security and indemnity against loss and damage on account of said judgment; that said Koch promised to hold said lease and lands in trust for said defendant for two years, and if said defendant should within that time pay said judgment and indemnify said Koch and pay him all losses and damages he might sustain by being compelled to pay said judgment and costs, he would surrender to said defendant said lease and lands; and it was then agreed between said defendant and Koch that said Franse should put said contract into writing, to be signed by Koch and delivered to said defendant on the next day thereafter, but which they failed and refused to do, although frequently requested thereto.

"4. That contrary to the terms of said trust, and in violation thereof, said Koch, on October —, 1884, made a pretended sale and assignment of said lease to said Franse, who had knowledge of said trust in Koch, and said Franse, confederating with said plaintiff to defraud said defendant out of said lands, secretly and hastily sold said lease to said plaintiff for $2,700, which he paid to said Franse, and was appropriated to his use and benefit, except $250, the amount

of said judgment, which said Franse paid; that all this was done without the knowledge of said defendant.

"5. That on the same day said Franse and plaintiff went hastily to the treasurer's office and surrendered said lease, and in some way unknown to the defendant, and without his knowledge or assent, and in violation of his rights, procured a deed for said lands.

"6. That said deed is void and conveys no title as against the defendant, because said lands were held in trust for the defendant, and that the defendant claimed to have the equitable title and a legal estate therein; that the lease procured by Koch was void as against the defendant, who was in possession; 'that no appraisement of said land was made prior to the purchase by the plaintiff; that no appraisement was had of the improvements on the land; that the value of said improvements was not paid nor offered to be paid to the defendant.

"7. That said plaintiff ought not to maintain his said action because: The plaintiff never was in possession; no sufficient notice to quit was given; this action was once tried in this court and was dismissed; the defendant is the owner and entitled to the possession of said premises, and this action involves the trial of title to real estate, and the court has no jurisdiction to try and determine the same; the plaintiff is estopped to maintain that the defendant is an occupying claimant without color of title, as he declared in a former trial of this case, that the defendant was the tenant at sufferance of the plaintiff."

On the trial of the cause there was a verdict for the defendant, and judgment rendered thereon, which was affirmed by the district court. A very large amount of testimony was taken in the case tending to show the nature of the transaction between the parties. It would subserve no good purpose to set out this testimony at length, or to give even a synopsis of it. It is sufficient to say that there is testimony in the record tending to show that both the

plaintiff and defendant have rights in the premises which can only be adjusted by a court having common law powers. These facts may not have been known to the plaintiff when he brought his action, and probably were not, but where both parties claim the land·itself, or an interest in it, under an apparent title and not the mere possession, their rights must be adjusted by a court having full jurisdiction of the subject matter, and the action of forcible entry will not lie. *Streeter v. Rolph,* 13 Neb. 390 ; *C., B. & Q. R. R. v. Skupa,* 16, Id., 341. *Nightingale v. Barnes,* 47 Wis., 389. *Hays v. Connelly,* 1 A. K. Marsh., 393. *Jack v. Carneal,* 2.Id, 518. *Dawson v. Dawson,* 17 Neb., 671. The action of forcible entry therefore cannot be maintained upon the facts proved.

The judgment of the court is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.