P. H. MALLOY, PLAINTIFF IN ERROR, v. ANNIE MAL-LOY, DEFENDANT IN ERROR.

Forcible Entry and Detention.   Where a party in possession of real estate has an interest in the land itself, which only a court of common law jurisdiction can determine, an action of forcible entry and detainer will not lie against him.

ERROR to the district court for Saunders county.   Tried below before MARSHALL, J.

*George I. Wright,* for plaintiff in error, cited: *Hamilton v. Wright,* 30 Iowa, 486.   *Gatling v. Lane,* 17 Neb., 80.   *Hansen v. Berthelsen,* 19 Id., 441.   *Smith v. Kaiser,* 17 Id., 184.   Jones Mortgages, Sec. 258.   1 Washburn Real Property, 648, 654, 660.   *Ragsdale v. Phelps,* 2 S. W. R., 300.

*Bell & Sornborger,* for defendant in error, cited: *Worthington v. Woods,* 22 Neb., 230.   *Grohousky v. Long,* 20 Id., 364.   *Dawson v. Dawson,* 17 Id., 672.

MAXWELL, J.

This is an action of forcible detention brought in justice court by Patrick H. Malloy, complainant and plaintiff

in error, against Annie Malloy, defendant in error, to obtain possession of the east half of the south-west quarter of section 36 in Douglas precinct, in Saunders county, on the ground that Annie Malloy was an occupier of said lands without color of title.

The facts are substantially as follows:

One Edward D. Malloy, who was the husband of said Annie, and son of the plaintiff, about January 1, 1884, was the lessee of said land, and had cultivated and been in possession thereof for some years. About the date last mentioned Edward made the usual application to the county treasurer to have said land appraised for the purpose of sale, and said land was thereafter appraised and the usual steps taken thereon. On February 9, 1884, the time of completing the proposed sale, Edward asked Mr. Perky, then the county treasurer, to advance the money for him to pay out the purchase price on the contract and some little interest thereon, saying that he would be in town again within a short time and pay Perky what he advanced on the land. Perky said if he (E.) was willing to let him take the contract in his own name he would pay the amount required, and when he paid back the money he would assign the contract to him. This arrangement was made, and Perky advanced the first payment on the land, and some additional money for unpaid rent, in all $67\frac{40}{100}$. On February 12, 1884, Perky wrote a card to Edward, saying, "The amount due on your school land is $67.40," and that was the last occurrence with reference to said land between Perky and Edward. Edward died in July, 1885, without issue. A few days after Edward's death, Perky offered through one Murphy to assign the contract to Annie individually if she would pay him the $67.40, with interest thereon. On November 21, 1885, Perky, at the request of the county judge, filed a claim for $79.75 against Edward's estate, which was based on the purchase money paid on said contract, on condition that if the claim

was paid by December 1st he would assign the contract. On November 25, 1885, a hearing on claims against said estate was had, and Annie's attorney objecting to its allow-ance, said claim, with other unallowed ones, was continued to March 4, 1886. On December 5, 1885, Patrick Malloy, the plaintiff, paid $31.95 on the aforesaid contract of sale, and on March 4, 1886, Perky assigned said contract to Patrick, and withdrew his claim from the files of the county court. The administrators of Edward's estate inventoried said land as belonging thereto, and the county court, on February 23, 1886, made an order assigning the real estate, not describing it, of E. D. Malloy, situate in said county, to Annie for life and remainder to Patrick. Said land is in cultivation, and was at the time of the commencement of this suit. Annie was in possession thereof, refusing to vacate, lawful notice so to do having been given her.

On the trial of the cause before the justice judgment was rendered in favor of the plaintiff. An appeal was taken to the district court, where the judgment of the justice was reversed and the cause dismissed.

It will be observed that the defendant, who is the widow of Edward D. Malloy, is in possession of the land as part of the estate of her late husband. The plaintiff is shown to have purchased the claim of Mr. Perky, and having notice of the defendant's rights in the premises took subject to them. The defendant has rights in the land which can only be adjusted by a court having competent authority. In all cases where the party in possession claims an interest in the land itself, an action of forcible entry and detainer will not lie. The reason for the rule is very clearly stated by Judge REESE in the case of *The C., B. & Q. R. R. Co. v. Skupa*, 16 Neb., 346, where it is said: "That it must be further observed that while the plaintiff might, under the terms of this contract, cancel it and refuse to be further bound by it in case of default, yet it could not do so

to the extinguishment of any equities which might exist in favor of the defendant. It may be and doubtless is claimed that in this case he has none. This may be true, but if this action can be maintained in this case it can in any case of the sale of real estate, and all equities in favor of the purchaser completely terminated and canceled at the will of the vendor by the simple act of the selection of the court in which he will prosecute his action; for it is well known that no defense of that kind can be made in proceedings under the sections above quoted. So long as the contract of sale continues, so long has the purchaser an interest in the subject of the contract. So long as that interest or title exists, the justice has no jurisdiction in the case." See also *Worthington v. Wood*, 22 Neb., 230. *Grohousky v. Long*, 20 Neb., 362. *Dawson v. Dawson*, 17 Neb., 671. *Streeter v. Rolph*, 13 Id., 390. *Pettit v. Black*, 13 Id., 154.

It is evident that the proper tribunal to adjust the rights of the parties is a court of equity, and that an action of forcible entry and detainer will not lie against the defendant. The judgment of the district court, therefore, is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.