GEORGE BURKE ET AL. V. JOHN PEPPER.

[FILED APRIL 8, 1890.]

1. Supreme Court: AFFIDAVITS used on a hearing in the district court must be embodied in a bill of exceptions to be available in the supreme court.

2. ———: OBJECTIONS NOT RAISED BELOW. Where a second motion to set aside a default and judgment in the district court was duly filed therein and overruled, no objections being made to it in that court, a motion to strike it from the record will not be entertained in the supreme court.

3. ———: ———: NEW TRIAL. The failure to except to the overruling of a motion for a new trial will not justify the supreme court on motion in dismissing the action for that cause.

4. Default: JUDGMENT BY, SET ASIDE. Upon the facts appearing in the record, *held,* that the court did not err in refusing to set aside a judgment rendered by default and permit the defendants to answer.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Hall & McCulloch,* for plaintiffs in error.

*Winfield S. Strawn, contra,* cited: *Barlass v. Braasch,* 27 Neb., 212; *Bernstien v. Brown,* 23 Id., 64.

MAXWELL, J.

The defendant in error brought an action against the plaintiffs in error in the county court of Douglas county, and on the trial, which took place July 30, 1888, recovered a judgment. The plaintiffs in error thereupon appealed to the district court, the transcript being filed August 15 of that year, and the petition on the 21st of the same month. The September, 1888, term of the district court of Douglas county began on the 17th of September of that year. The defendant in error gave the notice required by the rules of the Douglas county district court, that the case would be for trial at that term. The time to file an answer elapsed, and no answer was filed nor any appearance on behalf of the plaintiffs in error.

On November 23, 1888, the cause was reached in its regular order on the docket and judgment rendered by default. On the next day the plaintiffs in error filed a motion to set aside the default and for a new trial, unaccompanied by any showing of diligence on their part or that they had a defense to the action. This motion was overruled. Afterwards, on the 26th of December of the same year a second motion to set aside the default and for a new trial was filed, accompanied with a proposed answer in the case and what purports to be the affidavit of one of the attorneys in the action. This motion was also overruled, and the ruling of the court in refusing to set aside the default and grant a new trial is the error complained of in this court. The defendant in error now moves to strike the affidavit of the attorney above referred to from the files because it is not embodied in a bill of exceptions; and, Second, to strike out of the transcript the second motion to set aside the default and judgment, etc., because such second motion was unauthorized by law; and, Third, asks for a dismissal of the case because no exception was taken

to the overruling of the motion to set aside the default and judgment.

The first point in the motion is well taken. In many cases this court has held that affidavits used on a hearing in the district court to be available in this court must be preserved in a bill of exceptions. (*Ray v. Mason*, 6 Neb., 101; *Credit Foncier v. Rogers*, 8 Id., 34; *Aultman v. Howe*, 10 Id., 8; *Eaton v. Carruth*, 11 Id., 233; *Oliver v. Sheeley*, 11 Id., 521; *Walker v. Lutz*, 14 Id., 274; *Kyle v. Chase*, 14 Id., 528; *Sides v. Brendlinger*, 14 Id., 491; *Donovan v. Sherwin*, 16 Id., 129; *Tessier v. Crowley*, 16 Id., 372; *McMurtry v. State*, 19 Id., 147). And this is the general rule. (*Garner v. White*, 23 O. S., 192; *Whaley v. Gleason*, 40 Ind., 405; Wells, Questions of Law and Fact, sec. 840.) The affidavit, therefore, not being certified as required by law, cannot be considered.

The motion to strike out of the transcript the second motion of the plaintiffs in error and to set aside the default and judgment cannot be considered. No objection seems to have been made to such motion in the court below. If the motion was improperly filed in that tribunal it had power and control over its records, and the attention of that court should have been called to any matter in the proceedings deemed to be prejudical to the party, and the objection cannot be raised in this court for the first time. The second objection is therefore overruled.

The reason stated in the third objection will not authorize the dismissal of the action on motion, but are proper to be considered in connection with the motion for a new trial. The third ground therefore is overruled.

The affidavit of the attorney of the plaintiffs in error being stricken out of the record, there is nothing before this court to show any diligence on their part in making their defense. And even if the affidavit in question should be considered, it fails to show any sufficient cause for the neglect to file an answer or other pleading within

Burke v. Pepper.

the time required by law, or that from any cause it could not have been done within such a reasonable time as should have been granted by the court or judge.

Under our system of practice, where the pleadings are filed in a public office and a definite period fixed by a statute within which the defendant must plead, it is his duty to use reasonable diligence in the case, and if from any cause he is unable to plead on the day designated, good faith requires that he should ask for and obtain a reasonable extension of time in which to file his pleading. A party who willfully neglects this, whatever his motive may be, must be able to offer a reasonable excuse and a good defense to the case in a reviewing court for his failure to plead at the proper time, where the trial court has on the regular call of the docket reached the case in its order and rendered judgment which it afterwards refuses to set aside. In *Mills v. Miller*, 3 Neb., 95, where judgment of partition was rendered by default and the plaintiffs in error afterwards sought to file an answer but assigned no reason for the delay, it was held that the district court did not err in overruling the motion to file such answer. If this rule was not adhered to it would be possible, in counties where there is a large number of cases for trial, to delay the final determination of a case for years and thus keep the party entitled to a judgment out of the fruits of the litigation for such a length of time as to be a practical denial of justice. The courts, however, where reasonable cause is shown, will grant such time as may be deemed sufficient under the circumstances for making up the issues in a case to enable the parties to try it upon the merits. No sufficient showing, however, was made in the case under consideration and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.