CHICAGO, B. & Q. R. Co. v. ALBERT GORACKE.

[FILED MAY 6, 1891.]

1. **Justice of the Peace:** CANNOT CERTIFY TO EVIDENCE. The
provisions of the Code authorizing the taking of exceptions to
the opinion of a justice of the peace upon questions of law aris-
ing during the trial, in cases tried by a jury, do not extend to or
include questions touching the sufficiency of evidence to support
the verdict.

2. ——: ——: Reopening Case. In an action for the value of a cow killed by one of the defendant's engines, the plaintiff, after he had rested his case and the defendant had introduced part of its testimony, applied to the justice for leave to withdraw his rest, for the purpose of proving the value of the cow, which request was granted. *Held*, Not an abuse of discretion.

Error to the district court for Johnson county. Tried below before Broady, J.

*Marquett & Deweese*, and *S. P. Davidson*, for plaintiff in error.

*D. F. Osgood, contra*, cited: *London v. Headen*, 76 N. Car., 72; *Street v. Bryan*, 65 Id., 619.

Norval, J.

This action was brought by the defendant in error before a justice of the peace in and for Johnson county, to recover the value of a cow killed by one of the company's engines. The cause was tried to a jury, who returned a verdict for the plaintiff, assessing his damages at $20, the full amount claimed in the bill of particulars. At the request of the railroad company a bill of exceptions, containing all the testimony, with the rulings and exceptions taken on the trial, was allowed and signed by the justice.

The railroad company filed in the district court a petition in error, where the judgment of the justice court was affirmed, and the cause was brought to this court on error.

The errors assigned in this court by the railroad company may be grouped under two heads: First, that the verdict is contrary to law and the evidence, and second, that the justice erred in allowing the plaintiff to reopen his case and introduce testimony in chief after having rested his case.

It is claimed that the verdict is not supported by the evidence. The defendant in error contends that the questions

of facts are not subject to review in the district court, by
a petition in error, from a judgment rendered by a justice
of the peace; in other words, that a justice has no au-
thority to preserve, by bill of exceptions, the evidence taken
in a trial before him.

Section 988 of the Code of Civil Procedure provides
that "in all cases which shall be tried by a jury before a
justice of the peace, either party shall have the right to
except to the opinion of the justice upon any question of
law arising during the trial of the cause; and when either
party shall allege such exceptions it shall be the duty of
the justice to sign and seal a bill containing such excep-
tions, if truly alleged, with the point decided, so that the
same may be made part of the record in the case."

Section 1086 requires every justice to keep a docket and
enumerates what must be entered thereon. The eighth sub-
division of the section requires him to enter on the docket
"the exceptions to the rulings of the justice, on questions
of law, taken by either party."

Section 1087 provides that "the several particulars in
the last section specified must be entered under the title of
the action to which they relate, and at the time when they
occurred, except that the bills of exceptions in regard to the
rulings on questions of law or evidence need not be entered
until after the judgment, unless required by the justice or
one of the parties," etc.

These are the only provisions upon the statute books re-
lating to bills of exceptions in justice courts, in cases tried
by a jury. When exceptions are taken to the opinion of
the justice upon questions of law arising during the trial,
such court is empowered to settle a bill of exceptions, but
such bill is confined solely to the rulings of the court. It
does not extend to or include questions touching the suffi-
ciency of the evidence to sustain the verdict. The jury in
a justice court are the sole judges of the facts, and the jus-
tice in such a case has nothing to do with their determina-

tion.   A justice of the peace has power to set aside a verdict and grant a new trial only on the ground of fraud, partiality, or undue means. . No motion of that kind was made in the case at bar.   The statute having limited the right to the taking of exceptions to the opinion of a justice of the peace, upon questions of law in cases tried before a jury, the justice had no authority to certify to the evidence, and such evidence cannot be considered for the purpose of determining whether the verdict is contrary thereto. (*Ohio v. Wood*, 22 O. St., 537.)

It appears from the record that after the plaintiff had closed his case and the defendant had put in part of its testimony, the justice permitted the plaintiff, over the defendant's objection and exception, to withdraw his rest and introduce evidence as to the value of the cow.   Allowing such evidence to be given was to prevent a failure of justice, and there was no abuse of discretion on the part of the justice. (*Tomer v. Densmore*, 8 Neb., 384 ; *Gillette v. Morrison*, 9 Id., 395; *Goodman v. Kennedy*, 10 Id., 270; *Yeoman v. State*, 21 Id., 171; *Village of Ponca v. Crawford*, 23 Id., 662.)

The value of the cow was placed at $30 by the plaintiff in his testimony.   The value as sworn to by the defendant's witnesses was $20, which latter sum was accepted by the jury.   There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.