## WILLIAM TUÖMEY v. JOHN M. WILLMAN.

FILED DECEMBER 5, 1894. No. 5585.

1. **Failure to Except to Order Overruling Motion for New Trial:** REVIEW. In a cause brought to this court on error we will not review the evidence for the purpose of ascertaining whether it sustains the finding or verdict, nor the rulings on the admission or exclusion of testimony, where no exception was taken to the order of the court below overruling the motion for a new trial.

2. **Sufficiency of Findings.** *Held,* That the findings support the judgment.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

*M. L. Hayward,* for plaintiff in error.

*John C. Watson, contra.*

NORVAL, C. J.

This action was brought in the district court of Otoe county by plaintiff in error to recover possession of a stock

of boots and shoes. At the close of the trial the court found both the right of property and right of possession of the goods and chattels in controversy in the defendant, and assessed the value of the property at the time it was taken under the writ at the sum of $850. A judgment was entered upon the findings that the defendant have restitution of the property, and damages in the sum of $1 for the detention thereof, and in case a return of said goods cannot be had, that the defendant recover said sum of $850. Plaintiff presented a motion for a new trial, which was overruled by the court, but no exception was taken to the ruling.

The propositions argued in the brief of plaintiff are the following: (1.) The findings are not supported by the evidence. (2.) The court erred in its rulings on the admission of testimony. (3.) The findings do not support the judgment. We cannot review the evidence for the purpose of ascertaining whether or not it sustains the findings and judgment, nor the rulings of the trial court on the admission or exclusion of testimony, since no exception was taken to the order overruling the motion for a new trial. To entitle a party to a review in this court, by proceedings in error, of questions which must be raised in the trial court by a motion for a new trial it is indispensable that an exception be taken to the ruling on such motion. (*Lowrie v. France*, 7 Neb., 191; *Tomer v. Densmore*, 8 Neb., 384; *Burke v. Pepper*, 29 Neb., 320.) The sufficiency of the evidence to sustain the finding and the rulings upon the introduction of testimony were both, and properly so, called to the attention of the court below in the motion for a new trial, but the failure of the plaintiff to except to the order overruling said motion precludes this court from considering or passing upon either of said questions. The findings are ample to support a judgment for the value of the property, $850, in case a return cannot be had. The statute authorizes, in an action of replevin, where the

verdict or finding is in favor of the defendant, that he have a judgment for a return of the property, or the value thereof in case there can be no return, or the value of de-fendant's right of possession, and for damages for with-holding the property. The judgment conforms strictly to the requirements of the statute. Had the right of pos-session merely been found to be in the defendant, then it would have been proper for the court to have assessed the value of the defendant's interest; but this was not necessary, since the defendant was found to be the general owner of the property. Quite likely the finding as to ownership is not proper under the evidence, and that the defendant had merely a special interest in the property; but these questions cannot be determined, since the proper foundation was not laid therefor in the court below by the taking of an exception to the overruling of the motion for a new trial. The judgment is

AFFIRMED.