Judge Lane
delivered the opinion of the court:
The statute that regulates the distribution of this estate is found in 16 Ohio L. 36. It provides that if the title to an estate shall have come to the intestate by descent, devise, or deed of gift from an ancestor it shall descend:
1. To his children.
2. To the brothers and sisters of the intestate who may be of the blood of the ancestor from whom the estate came.
3. To the ancestor, if living.
4. To the brothers and sisters of that ancestor.
*But if the estate came not by descent, devise, or deed of [124; *128 gift from an ancestor, but was acquired by purchase by the intestate, it shall descend:
1. To the children.
2. To the brothers and sisters of the whole blood;
3. To the brothers and sisters of the half blood.
If the estate or money in controversy came by descent from the father of James to him, the complainants are not entitled to it. The decision of this question settles the main point in the ease.
Had the property remained in the shape of land,- as it was transmitted to the intestate from his father, it would plainly have passed, upon the intestate’s death, to his uncles and aunts, or their descendants, on the part of the father, and not to his half-brothers and sisters, on the part of the mother, by a subsequent marriage. It is claimed against the complainants that the same inheritable quality attaches to the proceeds of the sale, in the hands of the guardian of the intestate, that would operate upon it if it remained land, either because it was produced by the sale of the land or was not, in fact, the acquisition of the intestate by any effort of his own.
We can not accede to the correctness of these positions. The land became transmuted to money, to personal property, by an act of law. As such, it remained in the hands of the guardian. He was debtor for the proceeds of sale, as for so much money received by him for the intestate. What the intestate inherited had been passed away, and what it produced assumed a new character. In this new character the law must regard it as an acquisition of the intestate. Consequently, it comes under the latter provision of the statute of descents, and passes to the complainants.
It is objected that chancery can not entertain jurisdiction, since the demand is merely one for money, which may be enforced at law. We consider it fully within the cases in which chancery takes jurisdiction over persons receiving funds in fiduciary relations, from whom an account may be demanded, and often is necessary. The management of this property was indisputably a trust.
The defendant, Miller, insists that, under the circumstances, he is not chargeable with interest on the money in his hands. The object for which a guardian is appointed is to keep his ward’s 125] funds safely, and to render them productive. If he *fail to invest them productively, when he could do so, he is chargeable *129 with, interest. Interest is, therefore, to be charged against him from the time he received them, unless it can be shown he could not safely invest them productively by law. The cause is remanded that an account may be taken.