Iler v. Darnell.

JAMES ILER, APPELLEE, v. H. CLAY DARNELL, APPELLANT.

1. **Practice**: VACATION OF JUDGMENT. The power given to courts of record by section 602 of the civil code, to vacate or modify their own judgments or orders after the term at which they are made, does not confer original jurisdiction.

2. ———: ———. The power thus conferred is only that of further proceedings, for the causes enumerated, in an action after judgment; and are therefore merely special proceedings *in* an action, and are not an original action, and therefore not appealable.

3. ———: REVIEW OF JUDGMENT. Section 584 of the civil code provides that proceedings to review a judgment of the district court, in such a case, shall be by petition in error.

MOTION to dismiss appeal.

*Tuttle, Harwood & Ames*, for the motion.

*Lamb, Billingsley & Lambertson, contra.*

MAXWELL, J.

This is a petition filed for a new trial in an action at law, under the provisions of section 602 of the code of civil procedure. The case is brought into this court by appeal. The plaintiff moves to dismiss the appeal,

"on the ground that the same is not an action, and is not a proceeding in equity; and, therefore, not appealable."

In *Coates v. Chillicothe Bank*, 23 Ohio State, 431, the court say: "The power given to courts of record, by sections 534 and 542 of the code" (602 and 610 of our code), "to vacate or modify their own judgments or orders, after the term at which they are made, does not confer original jurisdiction; for they apply to judgments rendered in the district and supreme courts in cases of which, under the constitution, they can only acquire appellate jurisdiction. The power thus conferred, then, is only that of further proceedings, for the causes enumerated, in an action after judgment; and are, therefore, merely special proceedings *in* an action, and are not an original action, or the 'civil action' provided by the code. When, therefore, the power conferred by these sections to break into an action after judgment, and obtain further proceedings therein, is all that is invoked by a proceeding, such proceeding cannot be regarded as a civil action; and, therefore, is not appealable." In *Taylor v. Fitch*, 12 Ohio State, 172, the court say: "Is this proceeding by petition to vacate a judgment and to have the case reinstated on the docket for trial, in itself a civil action, or is it merely a branch, off-shoot or incident of an action? or, in the language of section 512 of the code of civil procedure, 'a special proceeding in an action after judgment?' We are of the opinion that it is the latter, and nothing more."

.Section one of the act to provide for appeals in actions in equity, provides that in *all actions in equity* either party may appeal. The Ohio law provides for appeals *in civil actions* in which the parties have not the right of trial by jury. The statute on the subject of appeals was passed long subsequent to the code. Section 581 of the code provides, that an order affecting a substantial right in a special proceeding, or upon a summary appli-

cation in an action after judgment, is a final order which may be vacated, modified or reversed. Section 584 provides, that proceedings to obtain such reversal shall be by "petition in error."

We have no doubt a case of this kind should be brought into this court by petition in error, and not by appeal. Aside from the question raised on the motion, it is apparent that the court did not abuse its discretion in granting a new trial. The motion to dismiss the appeal is sustained.

MOTION SUSTAINED.