STRITE AXTELL, PLAINTIFF IN ERROR, v. THOMAS F. WARDEN, DEFENDANT IN ERROR.

1. **New Trial.** In a petition for a new trial, under section 318 of the civil code, on the ground of newly-discovered evidence, it is not sufficient to allege that the plaintiff " has learned, since the term of the court and the trial," certain matters constituting the grounds for a new trial; the allegations must be affirmatively stated, and not upon information.

2. ———. In such case, the law requires the moving party to show that he has exercised reasonable diligence to discover and produce such evidence at the trial; and his failure to do so deprives him of all claim to a new trial.

3. ———. The petition is liable to demurrer, if it does not state facts sufficient to entitle him to a new trial, when they are admitted to be true.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J.

*John Saxon*, for plaintiff in error.

The petition sets up as a ground of reversal and new trial, a fraudulent concealment of facts on the part of defendant, which, if known, would have resulted in a verdict in favor of the plaintiff instead of the defendant.

Both the facts and the concealment of them are admitted by the demurrer.

Is it fraud, or fraudulent practice, for a party to an action to conceal from the court and jury facts, which, if divulged, must necessarily defeat him in his case, and give the verdict to his adversary? We think it is, when those facts so concealed within his own knowledge, would not tend to his conviction of a criminal offense. They are not privileged otherwise; and his oath as a witness, requiring him to testify the truth, *the whole truth*, etc., is violated if he do conceal them. Freeman on Judgments, sections 99, 100, 489, 490, 491, 493, and authorities cited. Did the plaintiff use due diligence? This question, we submit, must be answered by the court upon the allegations of the petition as admitted by the demurrer. The judgment was erroneous, because given upon demurrer. The code does not provide for such a proceeding in these cases.

*Brown, England & Brown*, for defendant in error, cited: Gen. Stat. 578, secs. 314 and 318. *Heady v. Fishburn*, 3 Neb., 366. *Barry v. Blumenthal*, 32 Mo., 29. *Mays v. Deaver*, 1 Iowa, 216. *Jenny Lind Co. v. Bower*, 11 Cal., 194. *Arnold v. Skaggs*, 35 Cal., 684. *Caldwell v. Dickson*, 29 Mo., 227. *Moss v. Vroman*, 5 Wis., 147. The petition did not set forth the newly discovered evidence, and was insufficient for that reason. 3 Graham & Wat. on New Trial, 1071, 1067. *Shepherd v. Shepherd*, 5 Halsted, 250. *Lessee of Ludlow*

*Heirs v. Park,* 4 Ohio, 44. *Suggs v. Anderson,* 12 Geo., 461. *Ewing v. McConnell,* 1 A. K. Marsh (Ky.), 188. *Albert v. Woodbury,* 22 Me., 246.

GANTT, CH. J.

This is an application by petition for a new trial, on the ground of newly discovered evidence.

The original action was brought by defendant in error against the plaintiff in error, to recover damages for property burned up by a prairie fire, alleged to have been set out on the eleventh of November, 1873, by plaintiff. The plaintiff in his petition states as ground for a new trial: *First,* "that he has *learned* since said term of court and said trial, that one O. C. Burch and one Isaac Packer * * did each of them set out a prairie fire on or near their respective premises, on the eleventh day of November, 1873," and that these fires ran upon the premises and burned the property of defendant. *Second,* that the "defendant had knowledge of the setting out of said fires by Packer and Burch when he commenced his action against this plaintiff," and fraudulently concealed the same. In the verification to the petition, the plaintiff "on oath says, that he believes the facts stated" therein are true. Upon these statements rest all the other allegations in the petition; and they constitute the grounds upon which the plaintiff bases his right to a new trial—and the second statement necessarily depends on the first. It will therefore be observed that the statement in the petition is not one of fact in respect of the matter stated, but is upon information, and the affidavit merely states a belief in this information. Does such an allegation constitute sufficient grounds to support the petition?

The rule seems to be well settled that upon a motion for a new trial on the ground of newly discovered evidence, the application must be accompanied with the

affidavit of the witness by whom the alleged facts can be proved, so that the court may be able to judge of its force and effect; and the application will be denied if supported only by the affidavit of the party interested, unless sufficient cause is shown why that of the witness cannot be produced. 3 Graham & Waterman on New Trial, 1021. *Cummins v. Walden*, 4 Blackf., 308. And on the question of diligence the party should negative every circumstance from which negligence may be inferred (*Crozier v. Cooper*, 14 Ill., 141. *Laflin v. Herrington*, 17 Ill., 403); and the allegation "that the witness knew a material fact which he did not disclose furnishes no excuse, if he was not questioned as to it;" for if he was not interrogated as to the matter "it will indicate such want of diligence as to deprive the party of all claim for a new trial on the ground of newly discovered evidence." 3 Graham & Waterman on New Trials, 1029.

Now in view of these general principles in regard to an application by motion for a new trial on the ground of newly discovered evidence, it seems very clear that when the application is made by petition, under section 318 of the civil code, the party must state in his petition facts, which, if admitted to be true, constitute sufficient grounds to grant a new trial; and the facts must be affirmatively stated, and not merely upon information. If any other rule were adopted it would open the door to endless applications for new trials.

In *Arnold v. Skaggs*, 35 Cal., 687, it is held that in an application for a new trial on the ground of newly discovered evidence, it is not sufficient for the moving party to state what *he has learned* certain persons know about the matter and that he believes the same to be true.

In *Caldwell v. Dickson*, 29 Mo., 228, it is said that "it is not enough for the moving party to swear that he

is *informed*, and *believes*, or has *learned* that new evidence has been discovered, or a new witness has been found." The issue to be raised in an application by petition for a new trial, is not whether the plaintiff "has learned" certain matters since the trial. On the contrary, it must be an issue upon facts affirmatively stated in the petition. It has been determined upon demurrer that it is not a sufficient averment of facts in a petition to state the plaintiff is so informed. 1 Madd., 565. *Ford v. Peering*, 1 Vesey, Jr., 77.

Again, this case comes within that provision of the code, under which a new trial may be granted on the ground of " newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial." This statute requires the party to use reasonable diligence to discover and produce the evidence at the trial, and his failure to do so deprives him of all claim to a new trial; but in the case at bar, the petition does not contain any averment that the plaintiff exercised any such diligence whatever, nor does it give any reason why he did not do so. This defect in the petition is fatal. *Sulley v. Keuhl*, 30 Iowa, 278.

In conclusion, it only remains to remark that the general rule is that when the objection to a petition or pleading appears upon its face, advantage may be taken of it by demurrer. And the demurrer only admits what is well pleaded, and as the petition in this case is not well pleaded, it receives no aid from the technical admission. *Evans v. Instine*, 6 Ohio 118. The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.