JULIUS KRUGER, PLAINTIFF IN ERROR, V. THE ADAMS AND FRENCH HARVESTER COMPANY AND BENJAMIN SPIELMAN, DEFENDANTS IN ERROR.

1. **Error:** NEW TRIAL. On error to the district court for granting a new trial on a petition filed after the adjournment of the term on the ground of newly discovered evidence, *held*, that error would lie in such case for alleged errors of the district court in the matter of granting such new trial.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE. In the case made, *held*, that competent evidence of an agreement on the part of plaintiff in error, made with one W. on sufficient consideration, to pay off a certain judgment held by the A. & F. Co. against said W., and which evidence was discovered after the adjournment of the term, was a good ground for granting a new trial in a case brought by K. (plaintiff in error), to enjoin said A. F. H. Co. from collecting said judgment by execution and sale of said land.

ERROR to the district court of Platte county. Tried below before POST, J. The opinion states the case.

*Millet & Son,* for plaintiff in error.

This petition for a new trial is defective because the alleged newly discovered evidence, according to the *admission* of the defendants in error in their said petition, does *not bear* upon *any* of the issues in the original suit (*Kruger v. Adams & French Harvester Co. et al.*), thus conceding that the same is *not* material. Code, sec. 314, subdivision 7. 24 Ohio State, 133 and 134. Hilliard on New Tr., chap. XV., page 375, section 2. *Arnold v. Skaggs,* 35 Cal., 684. 3 Estee's Plead. and Forms, 599, sec. 67. *Dierloff v. Winterfield,* 26 Wis., 175. *Alger v. Merritt,* 16 Iowa, 121. The petition is also defective because it fails to state that the defendants in error did not know of the alleged new evidence at the time of the trial. *Jackson v. Malin,* 15 Johnson,

293. *Lisher v. Pratt*, 9 Iowa, 59. *Richards v. Nuckolls*, 19 Iowa, 555. No facts are stated to show the exercise of proper diligence. *Axtel v. Warden*, 7 Neb., 187. *Heady v. Fishburn*, 3 Neb., 263. *Gardner v. Gardner*, 2 Gray, 434. 3 Graham and Waterman on New Trials, 1026. There are no facts stated to show that said new evidence is *not* cumulative. *Scofield v. Brown*, 7 Neb. 221. The petition should contain the evidence given on the trial so that the court may see that the new evidence is not cumulative. 7 Central Law Journal, 279. The petition does not state sufficiently the new evidence. *Moss v. Vroman*, 5 Wis., 147.

*Whitmoyer, Gerrard & Post*, for defendant in error, cited Freeman on Judgments, 507. *Alger v. Merritt*, 16 Iowa, 121. *Stowell v. Eldered*, 26 Wis., 50. *Hambel v. Williams*, 37 Iowa, 224. Bigelow on Estoppel, 503, 512. *Burlington v. Gilbert*, 31 Iowa, 356. *Sloan v. Holcomb*, 29 Mich., 153.

COBB, J.

The plaintiff in error brought suit against the defendant in error, the Adams & French Harvester Company (and Benjamin Spielman), and obtained a temporary injunction against them, and finally at the trial obtained a judgment making such injunction perpetual. The petition set forth the following facts: That on the eighth day of November, 1872, certain lands, to-wit: The south-west quarter of section 20 in township 20 north, of range one west, in Platte county, Nebraska, were a part of the public domain of the United States and subject to entry as a homestead under the act of congress, approved May 20, 1862, entitled "An act to secure homesteads to actual settlers in the public domain;" that one Henry Wells, on or about said date,

entered said lands as a government homestead under
said act of congress: that said Henry Wells, from the
date of said entry, resided and continued to reside upon,
improve, and cultivate said lands as such homestead
until on or about the eighth day of February, 1877,
when he duly proved up thereon and duly consummated
his title thereto under and pursuant to said homestead
law, and his entry thereof made as aforesaid, after
making his proofs of settlement, cultivation, etc., of
said tract of land, so as to entitle the said Henry Wells
to the final receiver's receipt for said lands under said
entry; that thereupon the usual duplicate final receipt
for said lands under such entry, bearing date on or
about said eighth day of February, 1877, was duly
issued to said Wells by the receiver of the U. S. land
office; that the United States, on or about the first day
of May, 1877, duly conveyed by its letters patent, bear-
ing date on that day, all the aforesaid lands in fee
simple to said Henry Wells upon his said homestead
entry; that the said Henry Wells continued to be the
owner in fee simple of said lands from the date of said
patent until on or about the twenty-third day of Aug-
ust, 1877, when the said Henry Wells and his wife,
Esther L. Wells, duly conveyed the said lands in fee
simple, by warranty deed of that date, to the plaintiff,
and that the said plaintiff hath ever since been and
now is the owner of said lands; that said Henry Wells,
on the twentieth day of July, 1875, at Columbus, Neb.,
duly made his two promissory notes of that date to the
Adams & French Harvester Company, and thereby
in and by each of said notes, for value received, prom-
ised to pay them the sum of one hundred dollars with
interest at twelve per cent per annum; that all and
each of said notes were then and there given for a
debt contracted at that date for an Adams & French
harvester machine, which was the sole and only con-

sideration given by said Adams & French Harvester
company to said Henry Wells for said notes or either
of them; that said Adams & French Harvester Com-
pany thereby became and continued from said time to be
the owners and holders thereof, until on or about the
twentieth day of May, 1877, when said Adams & French
Harvester Company commenced an action on said
notes against the said Henry Wells in the county court
for Platte county, Nebraska; that such proceedings
were thereupon had in said county court in said action;
that said Adams & French Harvester Company recov-
ered a judgment on said notes against said Henry
Wells, in said court, at the June term thereof for the
year 1877, on the eleventh day of June, 1877, for the
sum of $266.20; that the sole and only consideration
of said judgment was and is the face of said notes and
interest then due; that the said Adams & French Har-
vester Company, on the sixth day of July, 1877, pro-
cured from said county court a duly certified transcript
of the said judgment, and caused the same to be duly
filed in the office of the clerk of the district court for
said Platte county, and docketed the same in the exe-
cution docket therein; that the said Adams & French
Harvester Company, on or about the thirty-first day of
August, 1877, caused execution to issue on the said
judgment and transcript in their favor against the said
Henry Wells, out of the district court for said county,
under the seal thereof, directed to the defendant, Benja-
man Spielman, as sheriff of said county; that said Spiel-
man was then and now is such sheriff of said county,
duly elected and qualified and acting as such sheriff; that
said Spielman, as such sheriff, with the other defendant,
the Adams & French Harvester Company, thereupon
proceeded to levy said execution to satisfy the aforesaid
judgment upon the aforesaid lands of the plaintiff
under the direction and authority of the said Adams &

36

French Harvester Company, caused the same to be valued and appraised under said levy, and such appraisement or a copy thereof filed in the county clerk's office of said county; that said sheriff, under the directions of said Adams & French Harvester Company, threatens to and will sell said lands so levied upon by him under said execution unless restrained and enjoined by the order of this court; that said sheriff has advertised said lands for sale, etc.; that such sale would cast and constitute a cloud upon the plaintiff's title thereto, cause and produce the plaintiff great and irreparable injury, etc.

The defendant, the Adams & French Harvester Company, appeared by attorney and filed its answer in said cause, in and by which it admitted that it had recovered a judgment against W. H. Wells (with others) at the time stated in the petition; that said judgment was duly entered on the execution docket of said court; that said judgment was wholly unsatisfied; that an execution was issued on said judgment and levied on the said lands, and that the same would have been sold in satisfaction thereof but for the injunction restraining said sale. They also admit that W. H. Wells conveyed said land to plaintiff on the twenty-third day of August, 1877, and that said Wells acquired title thereto as stated in said petition. But defendant says that plaintiff is not entitled to any relief against it in this (said) action, for the reason that at the time said plaintiff purchased said land from the said W. H. Wells, he, the said plaintiff, had full knowledge of the existence of said judgment, and that it remained in full force and unsatisfied; and at said time said plaintiff deducted the full amount of the principal, interest, and costs of the said judgment from the consideration price of said land; and at said time, for a consideration equal to the full amount of said judgment, paid

at the same time by W. H. Wells, the plaintiff, assumed the liability of the said judgment, and that the plaintiff is not the real party in interest in this (said) suit, but W. H. Wells is the said plaintiff.

After the judgment in said cause, making the said injunction perpetual, and declaring the said judgment of the Adams & French Harvester Company against W. H. Wells to be no lien on the said real estate, and after final adjournment of said court for said term, the said Adams & French Harvester Company filed its petition for a new trial in the said court on the ground of newly-discovered evidence, etc.

In and by such petition the said Adams & French Harvester Company, after setting out the filing of said original petition by the said Julius Kruger, with a summary of the contents thereof, the filing of an answer thereto by the said Adams & French Harvester Company, the trial of said cause and the rendition of judgment therein in favor of the said Julius Kruger, and that such judgment is inequitable and wrong, declare that, since the date of the aforesaid decree, and since the adjournment of the term of this court at which the same was rendered, they (the said company) had discovered new and material evidence, which would be decisive of said case in its favor as to the matter involved in the said action; that the only issue in the said cause was the right of defendant to have this plaintiff (said company) restrained from selling said land to satisfy the aforesaid judgment; and the W. H. Wells hereinbefore mentioned, and who now resides in the county of Montgomery, and state of Iowa, will testify that the defendant, Kruger, recognized said judgment as a lien on said land by deducting the whole amount thereof from the consideration price of said land; and for said consideration undertook to satisfy and cancel the said judgment for the benefit of

said Wells; and that said Wells has or makes no claim on said defendant for said money whatever; and that he (said Wells) supposed the defendant had paid the same in satisfaction of said judgment against him, as he had undertaken to do until after said trial and judgment; that plaintiff was not able to produce the said W. H. Wells on the trial of said cause for the reason that, prior to the time said action was commenced, the said Wells had removed from the state of Nebraska to the state of Iowa, and his exact whereabouts was unknown to the plaintiff or his attorneys until after the trial of said cause, and until after the adjournment of the said term of court; and that the residence of said witness could not have been discovered by plaintiff, even by the most diligent search and inquiry.

The said petition contains the further allegation that, prior to the trial of said cause the defendant, Kruger, falsely represented to the plaintiff that said Wells claimed the sum so deducted from the consideration of said land on account of said judgment and costs, and that he was bound to pay the same to said Wells in case decree was rendered in his favor in said action; that plaintiff fully relied upon said false statement, and did not nor could not know that said Wells had paid the amount of said judgment to defendant, and that said defendant had undertaken to discharge the same, and, relying upon said false statement, and fully believing that the said Wells was the party interested in said suit, plaintiff alleged in its answer that said suit was not prosecuted in the name of the party in interest, but was prosecuted for the benefit of said W. H. Wells, and on said trial plaintiff relied solely upon said defense, to-wit: that the said action was not brought in the name of the real party in interest; that plaintiff can now procure the said witness, who will testify as before fully stated; wherefore plaintiff prays

that said judgment may be set aside, and the cause tried *de novo*, etc.

To this petition the defendant therein (the said Julius Kruger) filed a general demurrer, which was overruled, and he standing by the same and declining further to plead to said petition, the court rendered judgment thereon, setting aside the said judgment first hereinbefore stated, and granting a new trial in said cause, to reverse which judgment the defendant therein (Julius Kruger) brings the cause to this court on petition in error.

This court has repeatedly held that error would lie to this court from the judgment of the district court granting a new trial on proceedings commenced after the adjournment of the term on the ground of newly discovered evidence. *Iler v. Darnall,* 5 Neb., 192. *Axtell v. Warden,* 7 Id., 186.

The petition demurred to substantially avers that Kruger, in consideration of the sale of the land by Wells to him at a certain price agreed upon, agreed to pay off the judgment of the harvester company against Wells. This allegation must, for the purposes of this case in the present state of the pleadings, be taken as admitted.

Upon this promise the Harvester Company could have maintained an action against Kruger. And it may be said that wherever the law creates a legal liability it also carries with it an equity against the party charged with such liability. And while I do not think it necessary to pass upon the point as to whether, by reason of such promise, the plaintiff in error is estopped to deny the right of defendants in error to sell the premises on an execution issued upon the said judgment, yet it must be borne in mind that this is an action in equity. It was instituted by the plaintiff, and it has ever been a fundamental principle of equity jurispru-

dence that a party seeking affirmative relief in a court of equity must at least submit to all which equity demands of him in the premises. Indeed, it is an old saying "that he who comes into a court of equity must come with clean hands." If it is true that Kruger agreed with Wells, in consideration of the said conveyance, to pay off the said judgment—which for the purposes of this case is admitted by the demurrer—then he cannot be said to have done equity in the premises, either in respect to the rights of Wells or to those of the defendant in error when he comes into court to enjoin the collection of the judgment out of said lands, without first paying off the judgment according to his agreement.

Plaintiff in error makes the point that "the alleged newly discovered evidence   *   *   *   does not bear upon any of the issues in the original suit," etc. I think that the alleged newly discovered evidence, if the same had been known and produced on the trial, would have constituted a defense to the original suit, although it is probable that the defendants in error would have had to amend their answer in order to have got it in.

As to the third point made by plaintiff in error, while the petition is not in all respects as full as it might have been made, yet I think that, as to the objections to it under this head—that "it does not state that defendants in error did not know of the alleged new evidence at the time of the trial," that "no facts are stated to show the exercise of proper diligence," that "the petition should contain the evidence on the trial, so that the court may see that the new evidence is not cumulative, and the petition does not state sufficiently the new evidence"—it is sufficient.

As to the fourth point, that "the alleged new evidence would be incompetent under any issue that can

be made by the pleadings," etc., as we have seen above, the new evidence would not only be competent but, so far as I can see, would constitute a defense to the action.

As to the fifth, sixth, and seventh points, I agree that applications for a new trial on the ground of newly discovered evidence should be received with great caution, yet I do not think that injustice is likely to be done in this case for want of sufficient caution.

As to the complaint that "the district court did not tax the costs to the defendant in error as a condition precedent to granting a new trial," and that the "application was not summarily disposed of at the ensuing term of the court," etc., I regard the former as largely within the discretion of the court, and not a ground of error; and as to the latter, it is a matter which could not have prejudiced the plaintiff in error.

I therefore come to the conclusion that the judgment of the district court, granting a new trial, must be affirmed.

JUDGMENT AFFIRMED.