Morse & Co. v. Engle.

W. V. Morse & Co., appellants, v. Catherine
Engle et al., appellees.

[Filed April 3, 1889.]

Practice: Appeal and Error. An action at law, or a final or-
der in any special proceeding therein, can be reviewed only on
error; but an action in equity, or any special proceeding therein
in the nature of a final order, may be reviewed on appeal.

Motion to dismiss appeal.

*Agee & Stevenson*, and *C. B. Kellar*, for the motion.

*Hainer & Kellogg*, and *J. H. Smith*, contra.

Maxwell, J.

The original action in this case was brought by the plaintiffs against the defendants in the district court of Hamilton county, to foreclose a mortgage of real estate, and a decree was duly rendered. The defendants there-upon obtained a stay of order of sale, and about the time of the expiration of the same, instituted a proceeding to vacate the decree, for reasons which need not be here stated. The defendants thereupon appealed to this court, the tran-script being filed March 13, 1888, and notice waived. On March 13, 1889, a motion to dismiss because the order was not appealable, was filed, and is now submitted to the court.

In support of the motion, the case of *Iler v. Darnell*, 5 Neb. 192, is cited. That was an action at law in which a petition for a new trial under the statute had been sustained, and the court held that it was not an action, but a special proceeding in an action, and in effect that the rules govern-

ing a review of the action itself controlled a special proceeding therein relating to the trial of the action.

This we think is a correct statement of the law, and we adhere to it.

Sec. 581 of the Code of Civil Procedure provides that: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title.

"Sec. 582. A judgment rendered or final order made by the district court may be reversed, vacated, or modified, by the supreme court, for errors appearing on the record."

Sec. 675 provides: "That in actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state; the party appealing shall within six months after the date of the rendition of the judgment or decree, or the making of the final order, procure.from the clerk of the district court and file in the office of the clerk of the supreme court, a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment or decree rendered or final order made therein, and all the depositions, testimony, and proofs, offered in evidence on the hearing of the cause, and have the said cause properly docketed in the supreme court; and on failure thereof, the judgment or decree rendered, or the final order made in the district court, shall stand and be proceeded in as if no appeal had been taken."

This, in our view, applies to all appealable orders in an action in equity, and includes that under consideration. The rule seems to be that where the action is at law to review the action itself, or a final order in any special proceeding therein, the proper practice is by petition in error; but where the action is in equity, the decree itself, or any

special proceeding in the action being a final order, may be reviewed on appeal.

The motion to dismiss the appeal must be overruled.

MOTION OVERRULED.

THE other Judges concur.