JOHN JOHNSON V. LEWIS W. PARROTTE ET AL.

[FILED FEBRUARY 17, 1892.]

1. **Judgments:** SETTING ASIDE AFTER TERM: FINAL ORDER. An order setting aside a judgment under the provisions of section 318 of the Code, on grounds discovered subsequent to the adjournment of the term at which such judgment was rendered, is a final order and may be reviewed on petition in error.

2. ——: ——: PLEADING: DILIGENCE. In such proceeding it must affirmatively appear that the grounds alleged could not with reasonable diligence have been discovered during the term at which the verdict was rendered or decision made, and a petition which contains no allegation of diligence is fatally defective.

3. **Verdict:** IMPEACHMENT: THE TESTIMONY OF JURORS will not be received to impeach or avoid their verdict in respect to matters which essentially inhere in the verdict itself, as that they agreed to the verdict from motives of ill-will toward the unsuccessful party or a third party supposed to be directly interested in the controversy, or other matters resting alone in the breasts of the jurors.

4. **New Trial:** PETITION examined, and *held,* not to state facts sufficient to entitle the petitioner to a new trial.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Hartman & Dryden,* and *A. H. Connor,* for plaintiff in error, cited, as to final order: *Tingly v. Dolby,* 13 Neb., 371; *Crowell v. Horacek,* 12 Id., 622. Pleading diligence: *Railroad Co. v. Dobson,* 17 Neb., 450; *Axtel v. Warden,* 7 Id., 187. Impeachment of verdict: 2 Thompson, New Trials, 2618; *Stewart v. Hinkle,* 13 Pac. Rep. [Cal.], 494; *Taylor v. Garnett,* 11 N. E. Rep. [Ind.], 309; *Allison v. People,* 45 Ill., 37; *Adams v. Edgerton,* 3 S. W. Rep. [Ark.], 628; Hilliard, Trials, 240, and cases.

*Calkins & Pratt, contra,* cited, as to final order, *Artman*

*v. West Point Mfg. Co.*, 16 Neb., 572, and challenged the correctness of *Kruger v. Harvester Co.*, 9 Neb., 526, because not sustained by the cases which it cites. As to impeachment of verdict: Stephen, Dig. of Ev., art. 11.

POST, J.

This was an action brought by the plaintiff in error to recover damages from the defendants in error on account of alleged false and fraudulent representations in the sale of certain sheep. A verdict was returned April 29, 1885, for plaintiff, for $981.50, whereupon a motion was made for a new trial. Pending the decision of the court upon said motion the parties entered into the following stipulation in writing: "That if the court shall grant a new trial herein that the said plaintiff may review said order granting a new trial by petition in error to the supreme court; and if said supreme court shall confirm said order granting a new trial, that judgment absolute shall be rendered against the plaintiff, dismissing his action with costs; but if said supreme court reverse said order, then that judgment absolute shall be rendered against the defendants for amount of verdict and costs." The district court afterwards sustained the motion for a new trial, and the plaintiff removed the case to this court by petition in error, where the order sustaining the motion for a new trial was, at the January, 1888, term, reversed, and judgment entered on the verdict in accordance with the foregoing stipulation. (See 23 Neb., 232.)

On the 27th day of June, 1888, the defendants in error filed their petition in the district court for a new trial, which was heard on the 19th day of September, 1889, and the judgment of this court set aside and a new trial allowed in accordance with the prayer of said petition.

Plaintiff in error now complains of the order last named and seeks its reversal by this court.

There is a preliminary contention raised by the defend-

ants in error, viz., that the order setting aside the judgment and allowing a new trial on their petition is not a final order and will not be reviewed until after a second trial and judgment. This precise question was before this court in *Kruger v. Harvester Co.*, 9 Neb., 526, in which it was held that the order allowing a new trial was a final order within the meaning of the Code. Counsel for defendants in error, however, assail the rule therein announced and ask us to overrule that case. The writer well remembers making the same contention in *Kruger v. Harvester Co.*, but is satisfied that the holding therein is correct and should be adhered to. The proceeding contemplated ·by section 318 is in the nature of an action. For instance, it is by petition filed as in other cases. Summons issues as in other cases, and the case is placed upon the trial docket and witnesses examined as in other cases. In short, it is a proceeding independent of the original action and its determination is a final order for the purpose of review by petition in error.

The following is the petition for a new trial, omitting formal allegations :

"And the said plaintiffs further say that they ought to be granted a new trial herein, on account of surprise, newly discovered evidence, and improper conduct of the jury, all discovered since filing said first motion for a new trial and since the order of the court granting the same, as will hereafter more particularly appear.

"And the said plaintiffs say that one E. T. Tufts, a juror in said case, after finding said verdict, stated that he did not decide said case for the defendant (plaintiff in said case), because he believed the plaintiffs (defendants in said case) knew or believed the said sheep were diseased, but because he believed that one F. G. Grable, who was a witness in said case, was the real party in interest, instead of the said Louis and Marcus L. Parrotte, and that he owed Grable a grudge; that one J. M. Bagley, who served as a juror in

said case after the trial thereof, after rendering said verdict stated that he did not believe that the plaintiffs (defendants in said action) knew said sheep were sick or infected, but that he believed that said F. G. Grable was the real party in interest, and that he (Grable) had brought a great many scabby sheep into the country and sold them to the farmers, and that he wanted to make an example of him. And plaintiffs charge the fact to be, that although there was no evidence that said Grable was in any way interested in said matter, and although he was not in truth and in fact so interested, the said jury wrongfully and improperly assumed that said F. G. Grable was a party in said suit, and wrongfully found for the said Johnson, on the statements of each other, that the said Grable had some time sold scabby sheep, and to satisfy feelings of prejudice against said Grable, found said verdict, and not otherwise; that each and all of said jurors answered, before being sworn to try said case, that they had no bias or prejudice against the parties, and stood indifferent in the case, but that in fact the said Bagley and Tufts were each prejudiced against said Grable, and, without any evidence, assumed that he was a party, and then decided according to their said prejudice, and against the evidence. And that H. C. Green, a juror in said case, was prejudiced against sheep droves in general and disqualified to sit in said case."

There is a further allegation relating to the testimony of an absent witness, but as no attempt was made to sustain it by proof, it may be dismissed without further reference. It should be mentioned in this connection that the plaintiff in error objected to the introduction of any evidence in support of the petition, on the ground that it did not state facts sufficient to entitle the plaintiffs below to any relief, which was overruled and exception duly taken. In overruling this objection the court erred.

The petition is clearly insufficient under the provisions of section 318 of the Code, first, because there is no allegation

of diligence whatever. It is not even charged that the facts upon which the application is based could not with reasonable diligence have been discovered during the term at which the verdict was rendered—a necessary allegation. Nor is it sufficient to charge diligence in the language of the statute. The petition should state the facts and not the conclusion of the petitioner. It should appear from the petition what efforts have been made to discover the new evidence or the misconduct of the jury or prevailing party on account of the judgment assailed, or facts which will excuse the making of such efforts. Such is the settled rule in this state. (*B. & M. R. Co. v. Dobson*, 17 Neb., 450.)

The petition is insufficient, secondly, because the alleged subsequent admissions of the jurors Bagley and Tufts are inadmissible for the purpose of impeaching their verdict. This court in *Harris v. State*, 24 Neb., 803, held the affidavits of jurors admissible for the purpose of avoiding their verdict within certain limitations, viz., to prove matters occurring during the trial or in the jury room which do not essentially inhere in the verdict itself. In that case Chief Justice Reese, speaking for the court (page 809), says: "It is a well established rule of law, so far as we know (unless changed by statute), that affidavits of jurors will not be received for the purpose of impeaching their verdict in respect to a matter which essentially inheres in the verdict itself, as that the juror was mistaken in a computation, or misunderstood a witness, or did not comprehend the instruction of the court. The reason for the rule is that the matters referred to being alone within the breast of each juror it would be impossible to rebut any statements which might be made." Citing with approval, *Cowles v. R. Co.*, 32 Ia., 515, and *Perry v. Bailey*, 12 Kan., 539. Again, on the same page he says: "This (the admission of affidavits of jurors) is confined to such overt acts as may be seen or heard, and about which all the jurors may testify with equal knowledge." Had the affi-

davits of the jurors been offered to the same effect, proving that in rendering their verdict they had been inspired by an unworthy motive, neither known to or shared by their fellow jurors, such evidence would certainly have been excluded on the grounds of public policy, universally recognized by the courts.

Primary evidence—that is, the testimony of the jurors themselves—being inadmissible to impeach their verdict for the reasons stated, can the same end be attained by the introduction of secondary evidence? This question is well answered by Thompson in his work on Trials, sec. 2622, as follows: "What the law will not allow to be proved by the oath of the person having the knowledge, it obviously will not allow to be proved by the oath of another person deriving his information from the unsworn statements of the former person. It follows that the affidavits of counsel, or other persons, of the misconduct of the jury, upon information derived from particular jurors, will not be heard to impeach the verdict. If the same grounds of public policy did not intervene as in the case where the fact is sought to be proved by the oath of the juror himself, a consideration of the infirmity which attaches to hearsay testimony would operate to exclude it."

Since the judgment must be reversed for the reasons stated, it will not be necessary to notice the other questions argued. The judgment of the district court is reversed and the petition for a new trial dismissed.

REVERSED.

THE other judges concur.