WILLIAM WUNRATH, APPELLANT, V. PEOPLES FURNITURE & CARPET COMPANY, APPELLEE.

FILED MAY 1, 1915. No. 18962.

1. Appeal: FINAL ORDER. An order vacating a judgment upon petition filed after the term at which the judgment was rendered, under subdivisions 4, 5, 6, 7, 8, 9, sec. 602, of the Code (Rev. St. 1913, sec. 8207), can only be made upon notice to the parties by service of summons or upon voluntary appearance and upon due proof. Such order is a final order and is appealable. *Johnson v. Parrotte*, 34 Neb. 26, followed. *Trimble & Blackman v. Corey & Son*, 86 Neb. 5, overruled.

2. Judgment: VACATION: PETITION: ALLEGATION OF DEFENSE.. A petition to vacate a judgment on the ground of fraud and perjury of

the successful party in obtaining the judgment should allege that there is a meritorious defense of the action in which the judgment was obtained; but it is sufficient if there is a meritorious defense to a substantial part of the judgment.

3. **Tender:** ACTION FOR DAMAGES. When there is a definite sum justly due, notwithstanding the alleged defense, there must be a tender of the amount so due; but this rule cannot be applied in an action for damages in which there is no basis for ascertaining any definite amount that would be due if the defense pleaded is established.

4. **Appeal:** VACATION OF JUDGMENT. The trial court is given a large discretion to vacate a former judgment for fraud or perjury. This court cannot reverse such judgment unless it clearly appears that there has been an abuse of discretion by the trial court.

5. **Judgment:** VACATION: SUFFICIENCY OF EVIDENCE. The evidence is found sufficient to justify the trial court in exercising its discretion to vacate the judgment complained of.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*A. H. Burnett, Brome & Brome* and *William G. Stewart,* for appellant.

*Mahoney & Kennedy* and *Nolan & Woodland, contra.*

SEDGWICK, J.

This plaintiff obtained a judgment against this defendant in the district court for Douglas county for damages which he alleged he had suffered by reason of the negligence of the defendant. Afterwards the defendant filed a petition in the cause asking to vacate the judgment because of fraud and perjury on the part of the plaintiff in obtaining the same. The plaintiff filed an answer to this petition, to which the defendant, with leave of court, replied, and upon trial the district court granted the relief asked for and vacated the former judgment. From this decision vacating the former judgment the plaintiff has appealed to this court.

The first question presented is as to the right of the plaintiff to appeal in a proceeding of this kind. It is contended that this is not a judgment or final order and is not

appealable. There have been in this court very many decisions of this kind passing upon, or directly or indirectly connected with, this question or questions of this nature. Some of these decisions, it must be considered, are indefinite, and others will appear, possibly, if not carefully considered, to be inconsistent. It seems to be important that the question should be carefully examined and the true rule determined and stated.

Section 314 *et seq.* of the Code (Rev. St. 1913, sec. 7883 *et seq.*) relates to the subject of new trials and defines the terms and provides when a new trial may be granted. It defines a new trial as "a re-examination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. * * * The application for a new trial must be made at the term the verdict, report, or decision is rendered." Section 602 *et seq.* of the Code (Rev. St. 1913, sec. 8207 *et seq.*) relates to the vacation or modification by the district courts of judgments and orders after the term at which they were rendered. Section 582 of the Code (Rev. St. 1913, sec. 8185) provides: "A judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court, for errors appearing on the record." Section 581 of the Code (Rev. St. 1913, sec. 8176) defines what is meant by a final order as distinguished from a judgment.

The trial court has a large discretion to grant a new trial of a case upon application made at the same term, if satisfied that an error has been committed prejudicial to a party, or that a manifest injustice has been the result of the first trial. The hearing upon the application is summary, and involves a re-examination of the facts upon which the rights of the parties ultimately depend. It may in some sense be regarded as a continuation of the hearing, and is in no sense a new action. In some states the order made upon such a motion is regarded as a final order, on the ground that it affects a substantial right of the parties. But in this state an order granting a new trial upon motion made at the term at which the judg-

ment was rendered is not appealable. It may be reviewed upon appeal after judgment therein. The proceeding to vacate a judgment at a subsequent term is entirely different from an application for new trial by motion at the term at which the judgment or order is rendered. This distinction is plainly indicated by this court in the earlier decisions.

In *Iler v. Darnell*, 5 Neb. 192, it is expressly held that an order of the district court vacating a judgment upon application made at a subsequent term is reviewable by this court. Before the present statute authorizing appeals in actions at law, the proceeding to reverse such final order was by petition in error. Now it is by appeal. In *Kruger v. Adams & French Harvester Co.*, 9 Neb. 526, decided in 1880, the court said: "This court has repeatedly held that error would lie to this court from the judgment of the district court granting a new trial on proceedings commenced after the adjournment of the term on the ground of newly discovered evidence"—citing *Iler v. Darnell*, 5 Neb. 192; *Axtell v. Warden*, 7 Neb. 186.

In *Estate of McKenna v. McCormick*, 60 Neb. 595, the law is stated in the syllabus: "An order of a probate court, entered under the provisions of subdivision 3 of section 602 of the Code of Civil Procedure, vacating an order allowing a claim against an estate made at a prior term, is appealable."

In *Johnson v. Parrotte*, 34 Neb. 26, the court said: "There is a preliminary contention raised by the defendants in error, viz., that the order setting aside the judgment and allowing a new trial on their petition is not a final order and will not be reviewed until after a second trial and judgment. This precise question was before this court in *Kruger v. Adams & French Harvester Co.*, 9 Neb. 526, in which it was held that the order allowing a new trial was a final order within the meaning of the Code. Counsel for defendants in error, however, assail the rule therein announced and ask us to overrule that case. The writer well remembers making the same contention in *Kruger v. Adams & French Harvester Co.*, but is satisfied

that the holding therein is correct and should be adhered to. The proceeding contemplated by section 318 is in the nature of an action. For instance, it is by petition filed as in other cases. Summons issues as in other cases, and the case is placed upon the trial docket and witnesses examined as in other cases. In short, it is a proceeding independent of the original action and its determination is a final order for the purpose of review by petition in error."

In *Thompson v. Sharp*, 17 Neb. 69; *Osborn v. Gehr*, 29 Neb. 661; *Lander v. Abrahamson*, 34 Neb. 553; *Janes v. Howell*, 37 Neb. 320; *Scott v. Wright*, 50 Neb. 849; *Munro v. Callahan*, 55 Neb. 75; *McGrew v. State Bank*, 60 Neb. 716; *Meyers v. Smith*, 59 Neb. 30; *Williams v. Miles*, 73 Neb. 193; *Godfrey v. Cunningham*, 77 Neb. 462; *Wagener v. Whitmore*, 79 Neb. 558; *State v. Merchants Bank*, 81 Neb. 704; *MacCall v. Looney*, 4 Neb. (Unof.) 715, and some other cases, appeals from judgments vacating former judgments, as in this case, were entertained and decided upon their merits. In some of them the judgment of the district court is reversed; in others it is affirmed; but in none of these many cases is the right to appeal before the final determination of the case in which the original judgment was rendered doubted. The fact that the former case had not been retried appeared upon the face of the record in each case and could not be overlooked. These cases must be considered as settling the question. 2 R. C. L. sec. 27, p. 44, and cases cited.

When a proceeding is begun by a petition to vacate or modify a judgment after the term at which that judgment was rendered, and evidence must be taken and a trial had upon that petition, the decision of the court is itself a judgment, within the meaning of section 582 of the Code. In such case it is not necessary to consider the definition of a final order as contained in section 581 of the Code. Moreover, the proceeding is in the nature of an action, within the meaning of section 582, and the decision therein is a final determination of that action.

The plaintiff cites several cases as holding that such judgment is not a final judgment and not appealable. In *Rose v. Dempster Mill Mfg. Co.*, 69 Neb. 27, it is said in the syllabus: "An order setting aside a judgment or decree, fixing the time for filing pleadings, and setting the cause down for a new trial, under section 602 of the Code, is not a final order from which appeal or error will lie before trial and a final judgment." It appears from the opinion that a deficiency judgment had been rendered in a mortgage foreclosure proceeding, and upon petition of the defendant the judgment was set aside, and defendant was allowed to answer. The plaintiff prosecuted a petition in error to this court, and the defendant moved to dismiss the petition in error. It is not stated whether the petition to vacate the judgment was filed during the term at which the judgment was entered, and the grounds upon which the petition was predicated are not stated in the opinion. It is, however, stated that the proceeding was under section 602 of the Code, but it is not stated under which subdivision of that section. If under the third subdivision, the proceeding is by motion, and, if the ground is that the judgment was rendered before the action regularly stood for trial, that motion must be made "in the first three days of the succeeding term." The decision in *Rose v. Dempster Mill Mfg. Co.*, is predicated on *Morse & Co. v. Engle*, 26 Neb. 247, and quotation is made from the opinion in that case. In *Morse & Co. v. Engle*, the appeal was taken from an order vacating the decree of foreclosure of mortgage. A motion was made to dismiss this appeal because the order appealed from was not final, and the motion to dismiss was overruled, and the appeal entertained. The decision was that an appeal was proper in an action in equity, and that in an action at law, under the statute as it then was, "the proper practice is by petition in error," thereby holding that, in any event, the order would be reviewable before the final determination of the main action. *Cockle Separator Mfg. Co. v. Clark*, 23 Neb. 702, is also cited in *Rose v. Dempster Mill Mfg. Co.* In that case the rule is stated to be: "An order of the district court setting aside

a decree and permitting a defendant to plead to an answer filed by a codefendant, by leave of court, but of which said defendant had no notice, is not a final order." The opinion attempts to distinguish *Spencer v. Thistle*, 13 Neb. 227, and attempts to show that the judgment vacated in *Spencer v. Thistle* was wrong, so that the district court in entering the original judgment exceeded its jurisdiction; its judgment was therefore void, and it did right in setting it aside. But the opinion concludes that when a decree is entered against a defendant without service, and a motion to vacate is made within two days thereafter, and is granted and issues then made up, such order vacating the judgment and making up the issues is not a final order. This case does not hold that every judgment vacating a former judgment under section 602 is interlocutory and unappealable. While the decision in *Rose v. Dempster Mill Mfg. Co.* is probably right, and the language of the syllabus is broad and comprehensive, it does not seem to be authority upon this question.

In *Merle & Heaney Mfg. Co. v. Wallace*, 48 Neb. 886, judgment was entered on a power of attorney. The attorney who appeared and answered for the defendants had no authority other than was conferred by the note itself. The motion to set aside the judgment was made at the same term at which the judgment was rendered. The proceeding in error to this court was dismissed because the cause had not been disposed of in the district court. The order of the district court having been made upon a motion at the same term at which the judgment was rendered, the decision follows the universal rule in this state. The language, however, of the syllabus and some parts of the opinion was so broad as to affect cases not before considered to be within the rule, and afterwards in *Browne v. Croft*, 3 Neb. (Unof.) 133, the syllabus was restated and not accurately applied to the facts in the case then considered. In *Browne v. Croft* there was a decree in the district court foreclosing certain tax liens. Afterwards, whether at the same term or the subsequent term does not appear from the opinion, a petition was filed in the district court

"for an order vacating the judgment and granting a new trial because of unavoidable casualty depriving the petitioner of an opportunity to defend." This petition was granted, and the plaintiff appealed from the order granting the petition. There was a motion in this court to dismiss the appeal, and in the first opinion by Mr. Commissioner Ames the appeal was dismissed because the proceeding to vacate the judgment "is purely statutory and presents no matter of equitable cognizance;" that is, the proceeding to vacate the judgment in the district court was considered as an independent action under a statutory provision, and therefore not equitable in its nature. Of course, if the petition to vacate the judgment was made at a term subsequent to the term at which the judgment was rendered, it was in its nature a new action brought for a specific purpose, and a rehearing was granted because it was considered as equitable in its nature; the judgment which it sought to vacate being in an equitable action. In the opinion by Mr. Commissioner Hastings, upon the rehearing, it was said that this rehearing was "allowed presumably on the authority of *Morse & Co. v. Engle,* 26 Neb. 247." In that case the rule was said to be that "an action in equity, or any special proceeding therein in the nature of a final order, may be reviewed on appeal." But, as we have already pointed out, in *Morse & Co. v. Engle,* the proceeding to vacate the decree in the district court was instituted at a term subsequent to the term at which the decree was entered, and the motion to dismiss the appeal was overruled, holding that such an order was appealable before the second trial of the case was had in the district court. This decision upholding the appeal in *Morse & Co. v. Engle* was approved and relied upon in the opinion of Mr. Commissioner Hastings in *Browne v. Croft,* and yet the appeal in *Browne v. Croft* was dismissed. This, of course, could be right only in case the petition to vacate the judgment of the district court was regarded as a motion or application made at the term in which the original judgment was entered. It appears that the only question considered by Mr. Commissioner Hastings was whether,

upon application made at the term at which the judgment was entered, an order which merely vacated the judgment and allows the defendant to answer is a final order. The question whether a proceeding begun at a subsequent term by petition and heard upon evidence as in an independent action is appealable was not considered.

In *Continental Trust Co. v. Peterson*, 76 Neb. 411, 417, the proceedings of the district court were quite complicated. It is said in the opinion upon rehearing that the order appealed from, "not only revived the judgment, but also assumed to set aside and nullify a judgment of the district court in another and independent case." Such an order, of course, would be without jurisdiction and of no effect. Perhaps it was largely for that reason that the appeal was finally dismissed.

In *Trimble & Blackman v. Corey & Son*, 78 Neb. 639, judgment was entered in the district court at a special term called for the hearing of specially assigned cases. At the next regular term the case was heard upon a petition of the defendants for a new trial. The district court vacated the judgment, and from that order an appeal was taken to this court. The order appears to have been vacated by this court because it was not supported by any evidence. The question whether an appeal would lie in such case does not appear to have been considered in this opinion. Afterwards, upon second appeal (86 Neb. 5), it was held that the order was not appealable. This was not in harmony with the former decisions of this court, and it is overruled.

So far as there are expressions in other opinions of such a general nature as would indicate that a judgment of the district court vacating a former judgment upon petition filed at a subsequent term, and trial thereon, as prescribed in the statute, is not appealable, those cases are disapproved. In the case at bar the petition to vacate the former judgment was filed at a subsequent term, a trial was had thereon, and a decree entered vacating the former judgment. Such decree is appealable.

A petition to vacate a judgment on the ground of fraud and perjury should allege that there is a meritorious defense of the suit in which the judgment is obtained. The plaintiff contends that, if only a partial defense is alleged, there must be an offer to pay the amount justly due. This rule obtains where it appears that there is a definite sum justly due, notwithstanding the alleged defense, but the rule cannot be applied in actions for damages of this nature. In *Kime v. Fenner*, 54 Neb. 476, this court said: "If the answer presented any defense, partial or complete, on which Kime could rely on a trial in the district court, it was sufficient."

The plaintiff cites *Wabash R. Co. v. Mirrielees*, 182 Mo. 126, 145, in which that court said: "But, as already said, the bill does not show any meritorious defense to the cause of action. It proceeds solely upon the ground that the alleged fraud and perjury was for the purpose of *increasing* plaintiff's damages. This court cannot assume that there was not sufficient evidence outside of said alleged perjury to sustain the verdict." That action was decided upon the pleadings therein. The evidence was not before the court, and, moreover, it was held in that case that "fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. It cannot be set aside on the ground that witnesses falsely testified as to issues settled by the judgment, unless the party obtaining the judgment by some trick or artifice or fraudulent conduct in some manner deceived the other as to what the witnesses would testify to." This court, as said in *Barr v. Post*, 59 Neb. 361, is committed to the doctrine that "the intentional production, by a litigant, of false testimony to establish a cause of action or defense amounts to such a fraud as will, in a proper case, entitle the adverse party, if unsuccessful, to the vacation of the judgment rendered against him."

It is also urged that the evidence is not sufficient to support the decree vacating the former judgment. The defendant answers this objection in the brief with the suggestion that, as no motion for new trial was filed in district

court, the question of the sufficiency of the evidence cannot
be raised here.   Without regard to this suggestion, we
prefer to examine the evidence, which is not extensive, and
which was examined and passed upon by the trial court.
It appears that in his petition in the original action the
plaintiff alleged various injuries to his person, and, among
others, that his face was "bruised, cut and torn over his
left eye, and his scalp torn."   He alleged that these in-
juries were permanent.   The case was tried twice in the
district court, and upon the first trial the plaintiff was
asked some question in regard to the effect of his injury
upon the eye, and answered:   "Why, I lost the sight of my
left eye."   The plaintiff then took leave to amend his peti-
tion, but afterwards, when the case came on for further
hearing, the plaintiff having failed to amend his petition
in that regard, he was asked:   "How did that cut on your
eye affect your eye?"   He was not allowed to answer this
question, but he produced his physician, Dr. Impey, as a
witness who testified to the cut over his left eye, and that
it had healed up, and that there was a scar left which had
not completely healed.   He was asked, "And no perma-
nent effect from that, at all?" and answered:   "The eye,
I think, is permanently injured."   The evidence was that
some time prior to the injury complained of the plaintiff
had suffered an injury from being thrown out of a buggy,
and that in his claim for insurance Dr. Impey had testi-
fied that the plaintiff had lost the sight of his left eye by
this former injury, and the plaintiff had recovered his in-
surance upon that basis.   Upon the hearing in this case,
Dr. Impey testified that he was the plaintiff's attending
physician upon his former injury.   Being asked what kind
of an injury it was he treated him for, he answered:   "I
don't remember the exact nature of these injuries.   I think
he was hurt about the face and head, if I remember right."
And when he was asked the nature of the injury he testi-
fied:   "I don't remember the exact injury.   He was thrown
out or thrown over the dashboard, and I think he was
kicked about the head and face at the time.   *   *   *   He
was kicked by the horse, but I could not say where, ex-

actly. Q. Do you remember the result of that kick? A. I think he fully recovered. Q. Do you remember the result of it? Did you have to sew up the wounds, or what did you have to do with the wound that resulted from the kick? A. I don't remember what I did for him at that time? Q. How long was he in bed after that? A. I don't know that, either. Q. How long did you attend him? A. Could not say." When he was asked, "You have stated, have you, all you can remember about the injury that occurred at that time?" he answered: "Yes, sir, I have." After Dr. Impey had testified, the plaintiff was recalled, and was asked, "What was the nature of that injury?" and answered: "The eye was swollen quite bad. * * * Q. How long were you laid up from the effects of that injury? A. About two weeks, and I went to work again. Q. Did you ever experience any later effects from it after the two weeks? A. No; nobody else except Doctor Impey. Q. What I am asking you is, whether you recovered entirely from that, at the end of the two weeks? A. Yes, sir; I was a little weak for a while, but it gradually got better. Q. State whether or not, at the time you fell down this elevator shaft, and for years prior to that time, you had suffered from this injury, this prior injury, at all? A. Yes, sir. Q. What I want to know is whether you were suffering from this injury, after you got hurt, thrown out of the buggy? A. No, sir; no trouble and no pain at all. * * * Q. You have never called any specialist? A. No, sir. Q. What else did Dr. Impey do besides putting a poultice on the eye? A. Nothing. Q. Was the eye swollen up so you could not see? A. Yes, sir; a few days. Q. How many days do you think it was swollen up so you could not see? A. I don't quite remember; I think it was three or four days. Q. But still you were confined to the house something like two weeks from this? A. Yes, sir. Q. Were you hurt any place else? A. No, sir."

The trial court saw these witnesses and observed their manner and the effect of their testimony, and evidently concluded that they intended to and did deceive the court

and jury, probably leading them to believe that the plaintiff had lost the sight of his eye by reason of the accident for which he sued. The law necessarily trusts largely to the discretion of the trial court in such matters. This court cannot interfere, unless there is an abuse of discretion. Under such circumstances, the decision of the trial court in passing upon the application to vacate the former judgment ought not to be interfered with by this court.

It follows that the judgment of the district court is

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.